GEORGE LOACH

v.

GEORGE A. FARNUM et al.

1. CONTRACT—*change of sealed one by unsealed indorsement.* It is a well settled rule of the common law, that an executory contract, under seal, can not be modified or varied by a parol agreement, and such is the doctrine of this court. An indorsement in writing on a lease under seal, agreeing to reduce the rent, and acceptance of monthly rent in accordance therewith, such indorsement not being under seal, can not be admitted in evidence to vary the terms of the lease as to the rent to be paid.

2. SAME—*consideration necessary to change in contract.* An executory agreement in writing without any new consideration, to reduce the rent secured to be paid by a lease, is a mere *nudum pactum,* and not binding on the lessor.

3. SAME—*evidence of ratification of invalid contract.* In a proceeding by distress for rent due under a sealed lease, proof of the acceptance of rent for three months of the term at a reduced rate, under a parol agreement to reduce the rent for the balance of the term, where no rent is claimed as to the months so paid, is inadmissible, as such acts are but invalid ratifications and repetitions, so far as the contract remained executory, of an invalid promise, and stand on the same footing.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. H. B. STEVENS, for the appellant.

Mr. PLINY B. SMITH, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was a statutory proceeding of distress for rent, prosecuted by appellees against appellant, and resulting in a verdict and judgment in their favor for $841.86.

The claim of appellees was based upon a lease in writing and under seal, for the premises known as No. 74 North Halsted street, in Chicago, for a term of three years from the 1st day of April, 1872, at an annual rental of $800, payable in monthly installments of $66.66⅔ each. On the trial appellant offered in evidence the following alleged agreement for the reduction

of the rent, which was indorsed on the duplicate of the lease
in the hands of appellant:

"*February* 1, 1874.

"We agree to take for rent of the within leased premises
$55 per month instead of $66.66 as within. The reduction to
commence February 1, 1874.

FARNUM & CHIDISTER."

—and also offered to prove, in connection therewith, that for
the months of February, March and April, 1874, appellees
took the reduced rent of $55 per month, in full for the rent
for those months respectively. The court refused to admit in
evidence said indorsement on the lease and proof of such
alleged payments. This action of the court is assigned as
error.

It is a well settled rule of the common law, that an execu-
tory contract, under seal, can not be modified or varied by a
parol agreement, and the same doctrine has frequently been
announced by this court. *Baker* v. *Whiteside*, Breese, 174;
*Chapman* v. *McGrew*, 20 Ill. 101; *Hume Brothers* v. *Taylor*,
63 id. 43; *Barnett* v. *Barnes*, 73 id. 217. In the case last
cited it was expressly held, that where a lease, under seal,
fixes a certain amount of rent to be paid each month, a parol
agreement changing the amount of rent to be paid for the
unexpired term, and leaving the lease in other respects un-
changed and in force, is not binding upon the lessor, and he
will, notwithstanding such parol agreement, be entitled to
recover the amount of rent called for by the lease. *Chapman*
v. *McGrew*, *supra*, was also based upon a lease under seal, and
in that case it was claimed that by a written agreement, and
for a consideration, the rent was reduced $200 a year; and
this court there said: "The agreement for a change of the
terms of this lease was not under seal, while the lease was,
and, therefore, this agreement did not have the effect to re-
lease defendant from his liability on the lease." These two
cases, as also *Hume Brothers* v. *Taylor*, seem to be directly
in point, and decisive of the case at bar.

24—90 ILL.

Appellant cites *Lake* v. *Campbell*, 18 Ill. 106, and *White* v. *Walker*, 31 id. 423. The former case simply decides that a lease is an instrument that needs no seal to give it validity as between the parties. But, the lease in the case now before us was under seal. In very many, if not in most of the cases, both English and American, in which the doctrine under discussion has been announced, the contracts would have been perfectly valid without any seal. A seal was not essential in order to make the contract in *Hume Brothers* v. *Taylor* a valid and binding contract for the delivery of hogs; and yet the parties there, as here, elected to enter into a sealed contract. *White* v. *Walker* was an action against one who had indorsed upon the lease a guaranty of the payment of the rent, and it was decided upon the ground that the new agreement had been fully executed and that an executed parol agreement could be shown to defeat a recovery on an instrument under seal, and upon the further ground that under the peculiar facts of that case there was an equitable estoppel as between White and Walker. In the opinion of the court, *Chapman* v. *McGrew* is expressly referred to, and the case distinguished therefrom. It does not overrule the former decisions of the court, and subsequent cases have followed these former decisions.

Again, the agreement for the reduction of the rent was executory and was without any consideration, and was, therefore, a mere *nudum pactum*, and not binding. The supposed agreement was made February 1, 1874, and it does not appear, nor was it proposed to prove that the city at that time contemplated raising Halsted street, or that anything in regard to that matter or any consequent inconvenience to the occupant of the demised premises was either suggested or anticipated by either of the parties, even if we assume that such matters would be competent for the purpose of showing a consideration. There is, however, nothing in the record to warrant the assumption that this evidence was offered for the purpose now claimed in the brief of appellant. The sole offer on the trial was to prove, as a part of the defense, that the city, on or about the

first day of May, 1874, took possession of the street in front of the premises and raised its grade, and thereby excluded appellant from the free use of said premises; and there was no pretense whatever of attempting to show that this action of the city at all influenced, or had any connection whatever with the agreement made three months before.

The court committed no error in refusing to permit appellant to show that appellees had accepted rent for February, March and April, 1874, at the reduced rate. No claim was made for those months, but only for the subsequent months. The agreement for a reduction was still executory as to subsequent rent; and the payments made would be but invalid ratifications and repetitions, so far as the contract remained executory, of an invalid promise, and would stand on the same footing as the promise itself.

We have nothing to do with the wisdom or expediency of the doctrine upon which this decision is based; such questions are for the legislative department of the government. We can only administer the law as we find it.

The judgment of the Superior Court must be affirmed.

*Judgment affirmed.*