FRED WOLZ

v.

WILLIAM B. SANFORD.

1. LANDLORD AND TENANT—HOLDING OVER.—Where a tenant occupies premises under a lease for a year or years, and holds over after the expiration of such lease without having made any new arrangement with the landlord, the tenant may, at the election of the landlord, be treated as a tenant for another year upon the terms of the original lease.

2. PRESUMPTION ARISING FROM HOLDING OVER MAY BE REBUTTED.— The legal presumption of a renewal of the tenancy, arising from a holding over, may be rebutted by proof of a different intention, but it must be shown that such different intention was participated in by both landlord and tenant. Proof of a contrary intention by the tenant alone is not sufficient.

3. RELEASE AS TO ONE TENANT.—The original lease was to appellee and one F.; appellee purchased the latter's interest and the ho'ding over was by appellee alone. Held, that, while the landlord could not be required to release F. even after the holding over by appellee, yet he could do so if he chose, and recover against appellee alone.

APPEAL from the Circuit Court of De Kalb county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed February 24, 1882.

Messrs. LOWELL & CARNES, for appellant; that the holding over created a tenancy from year to year under the terms of the original lease, cited Delashman v. Berry, 29 Mich. 292; Taylor's Land. & Ten. § 332; Schuyler v. Smith, 51 N. Y. 309; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 101.

Mr. H. A. JONES, for appellee; that the tenant is liable only for the time he occupied, cited Brownell v. Welch, 91 Ill. 523; Taylor's Land. & Ten. § 22; Ibbs v. Richardson, 9 A. & E.

849; Cobb v. Stokes, 8 East, 358; Levi v. Lewis, C. B. 766; Church v. Gas Co. 6 A. & E. 854; Emmons v. Scudder, 115 Mass. 367.

LACEY, J.   This suit was commenced by appellant against appellee, and one Amos M. Funk, before a justice o the peace. There was no service on Funk and a trial resulted in favor of appellee and the appellant appealed to the circuit court and upon trial the result was the same as before the justice.   The appellant comes by appeal to this court.

It appears that Sept. 15, 1876, Funk and the appellee rented by written lease, the basement and first floor of the brick store building No. 66 State St., Sycamore, Ill., for one year, for fifty dollars per month, with the privilege of five years at the end of the first year.

Before the end of the first year Funk sold out his interest in store to appellee and had no more to do with the building.   At the end of the first year, appellee Sanford came to the office of John B. Whalen, the collecting agent for appellant, and wanted some provision for repairs, and wanted the premises for a term of two or three years.

Whalen drew up a lease for him as he desired and sent it to appellant to Chicago to sign.   The appellant not being at home in the city of Chicago, did not for some time notify Whalen what he would do.   Finally Whalen heard from appellant to the effect that the old lease was good enough for him, and he would not sign a new one, and as Whalen testifies, he then notified appellee that appellant would not sign a new one.   Some time after that Whalen turned the matter over to Lowell & Carnes, collecting agents for appellant, who took charge of the matter in January or February, A. D. 1879, and collected the rents for appellant the same as Whalen had done. Soon after they took charge of the collection, at appellee's request, they wrote to appellant about the new lease and received in answer that the old lease under which appellee went into possession was the lease in force, and he must stay under that and they immediately informed appellee of the result of the inquiry, as Lowell testifies, but it is denied by appellee.   This

was in the spring of 1878. and about one year before appellee quit the premises. The latter, after giving thirty days' notice, quit the premises April 15, 1879, having paid the rent regularly, at the rate of thirty dollars per month to that date. Appellant accepted and took possession of the premises June 15, 1879, and only claims rent at the rate of $50 per month, from April 15, 1879, to June 15, the same year, being two months, and amounting to $100.

It is claimed by the appellant that the holding over on the part of the appellee after the term for which the lease had been originally made, one year, had expired, constituted him a tenant from year to year, and that he had no right to quit until the year expired, Sept. 15, 1879, without the consent of appellant. On the part of the appellee, it is contended that the fact of the execution by appellee of the new lease, or what he expected would be a new lease, and the causing it to be sent to appellant, is notice to him of the terms under which appellee would further occupy the premises, and is an absolute contradiction of any implied contract, for here is an express one. It is claimed there can be no implied contract under such a state of affairs. It is claimed further that up to about January 1878, the time Whalen notified appellee that appellant would not sign the new lease, there was only a tenancy from month to month or at will, and if that be so, what changes the tenancy from month to month from that time, to a tenancy from year to year? That the tenancy at best would not be a tenancy from year to year, but for five years.

It appears from the evidence that appellant never gave his assent to any change of the lease or ever promised he would do so, nor did he mislead the appellee in any way or lead him to believe he would change the lease. The proposition to change the lease came wholly from the appellee; he alone intended to change the tenancy. This question has lately undergone a careful consideration by the Supreme Court in which they have reviewed many of the authorities. Clinton Wire Cloth Co. v. Gardner et al., 99 Ill. 151. In that case the court has settled the law, and declared it to be that where a tenant occupies premises under a lease for a year or years, and holds over after

the expiration of such lease without having made any new arrangement with the landlord under which such holding over takes place, that then the tenant may, at the election of the landlord, be treated as a tenant for another year upon the terms of the original lease. This is so as a matter of law and " that this is one among the cases where a person may be charged as upon a contract, without his assent and contrary to his intention to [make the contract." The court does not hold in that case that the legal presumption arising from the holding over of premises of a tenancy from year to year upon the terms of the lease may not be rebutted, but such intention must be participated in by the landlord as well as the tenant.

But the legal presumption, from the holding over, of a renewal of the tenancy, can not be rebutted as shown by the authorities, by proof of a contrary intention on the part of the tenant alone. So in this case there being no intention on the part of any one to hold over the premises differently than was provided for in the original lease, except by the appellee alone, the law would hold him to be a tenant from year to year at the option of the appellant, under the terms of the original lease. The appellee can not hold over without incurring these consequences unless the appellant consents to a different arrangement. We are not able to perceive how the appellee could be benefited by showing, as he attempts to do, that if he held over under the terms of the original lease it would be for a term of five years instead of from year to year, as the consequences would be the same to him. But appellee expressly states in his testimony that he notified appellant's agent he would not exercise his option and take the premises for five years.

Then if he would not do that he must be held to occupy the premises from year to year, as one year was the time for which he rented the premises absolutely, payable monthly, at the rate of fifty dollars per month. It is made a point that Funk should have been sued jointly with appellee. While appellant, unless notified that Funk had conveyed his term to appellee might not be required to release Funk even after the holding over by appellee, yet he may if he chooses release him and not hold him liable, and appellee can not complain, because he pur-

chased Funk's interest, and has held the premises beyond the term of the original lease for his own benefit, and substituted himself, so far as he could, in place of Funk and himself, and paid rent as such assignee. The appellant, under the evidence reported in the record, was clearly entitled to recover for the amount of the two months' rent claimed by him at fifty dollars per month, and the court erred in not granting a new trial. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.