## JACOB MILLER
### v.
## WILLIAM RIDGELY.

1. PRACTICE.—Where the ruling complained of in this court was not one of the grounds on which a new trial was asked, the point can not now be urged.

2. LANDLORD AND TENANT.—Where the old lease expires, but the tenant holds over, and the landlord receives the rent, it is presumed, as a matter of law, that the terms of the old agreement are continued, except so far as it appears they are modified.

APPEAL from the Circuit Court of Sangamon county; the Hon. J. A. CREIGHTON, Judge, presiding. Opinion filed February 25, 1886.

Messrs. Gunn & Lunger, and Messrs. McCartney & Casey, for appellant.

Mr. Clinton L. Conkling, for appellee.

Wall, P. J. It appears from the record in this case that Ridgely & Miller executed an instrument under seal, whereby the former leased to the latter certain premises, situate in the city of Springfield. The term was for three years from April 1, 1879, and the rate $60 per month. The lessee covenanted that the premises were in good condition, and that at his own expense he would so keep and return the same at the end of his term. It was further agreed that the lessee would not sublet or assign without the written consent of the lessor. When the term had nearly expired the lessor notified the lessee that if he desired to continue he would be expected to pay at the rate of $1,000 per year—$83.33 per month. The lessee, after a short delay, informed the lessor that he would remain, and the lessor sent him a written lease, similar to the first, with the rate increased, to be executed by him, but it was never signed. The rent was paid at the rate of $83.33 per month with regularity until the latter part of 1883. The premises were vacated in January, 1884, leaving three months' rent unpaid, for which Ridgely issued a distress warrant, which was levied upon the personal property of Miller. The defense set up to the proceeding was in the nature of recoupment, it being claimed by the defendant that he had suffered heavy losses by reason of the failure of the plaintiff to keep the roof in repair, and that by reason of the failure of the plaintiff to put water in the building the defendant had been unable to rent the upper floor, whereby he had been damaged, etc. The case was tried by jury, and there was a verdict for the plaintiff for $200, upon which, a motion for new trial being overruled, judgment was rendered. On the trial the defendant offered to prove that during the period covered by the original lease the lessor consented to certain modifications by which he was to keep up repairs, was to allow subletting, put water in the upper floor, and whitewash cer-

tain rooms. The court, on the objection of plaintiff, excluded this evidence on the ground that there was no new consideration, and therefore the agreement to so modify was not binding. This ruling of the court is now assigned as error. The motion for new trial was in writing, and stated distinctly the reasons therefor. Those reasons were that, first, the court admitted improper evidence offered by plaintiff, viz., the testimony of one Odiorne upon another point; second, that the court improperly instructed the jury for the plaintiff; and third, the verdict was contrary to law and the evidence. It will be seen that the ruling now complained of was not one of the grounds on which a new trial was asked, and upon the authority of O. O. & F. R. R. Co. v. McMath, 91 Ill. 111, we are disposed to hold that the point can not be now urged. It is proper to say, however, that were this question of practice out of the way, we should be inclined to agree with the holding of the trial court. An executory agreement of that sort, without a new consideration, would be a mere *nudum pactum*, and not binding. Loach v. Farnum, 90 Ill. 368; Wood on Landlord and Tenant, Sec. 382. From all the evidence in the case, it is impossible to conclude that the landlord, by making certain repairs and concessions with regard to subletting, intended to bind himself (or should be so regarded) to make any other repairs or concessions. Besides, as this lease was under seal, it could not be modified or varied by parol. Loach v. Farnum, *supra*, and cases there cited. It is urged that the court erred in instructing the jury that if the tenant under a lease for a year or years holds over without a new agreement except as to the amount of the rent, which is higher, and pays the rent, the tenant's liability will continue under the terms of the original lease, so far as applicable, and the renting will become a tenancy from year to year, subject to the terms of the original lease, the same as if expressly agreed by the parties to be continued between them. This proposition is supported by authority. Taylor on Landlord and Tenant, Sec. 58; Prickett v. Ritter, 16 Ill. 96; McKinney v. Peck, 28 Ill. 174. Counsel seem to concede that this is the general rule, but the argument is apparently

that it can not be appli d to a lease under seal, because such a lease can not be modified by parol.

The authorities do not recognize such a distinction, and when it is remembered that leases have usually been under seal it is not probable that it would have escaped notice. The true view is, that the holding over under the circumstances is to be regarded as in effect a new contract upon the terms of the old one, except so far as expressly modified.

The old lease has expired, but when the tenant holds over and the landlord receives the rent it is presumed as a matter of law that the terms of the old agreement are continued, unless so far as it appears they are modified. The objections taken to the other instructions, in which this proposition is substantially repeated, we think not well made, and we find no error in that respect for which the case should be reversed. The court permitted the defendant to show that there were other modifications than that in regard to the rate made applicable to the second letting, if it may be so termed.

There was evidence tending to show that the landlord was to make repairs and put in water and that because of his failure in these matters the tenant suffered loss during the second term. There was also evidence tending to show that there was no particular understanding as to these repairs and improvements, but that they were made from time to time upon the request of the tenant though not all of these requests were complied with; and there was evidence tending to show that the leaks were caused by the reckless conduct of such tenants who were in the habit of splitting wood and breaking coal on the roof.

The jury heard all this evidence, were instructed upon the subject at the instance of defendant, and made an allowance of $50 to the defendant.

Upon reading the testimony we are unable to say that any injustice has been wrought by this verdict. Although the tenant was frequently making complaint and asking for improvements and repairs, he paid the rent with promptness as a rule, and as late as the 16th of January, 1884, he wrote to the landlord saying that he expected to go out at the end of the

month, as he did, and that he would send the money and settle as soon as possible. He then owed rent from the 1st of November only, and the statement made by him that the landlord really owed him twice as much as the rent then due on account of the matters already mentioned, is quite inconsistent with the tenor of the note. So also was his conduct in the latter part of 1883 in requiring the landlord to repair a broken window in front and refusing to pay his monthly rent unless the item was allowed, which, being finally agreed to by the landlord, he paid the balance. Taking the evidence as a whole we think the appellant has no just occasion to complain. The point in the motion for new trial that the court improperly admitted the evidence of Odiorne as to the injuries to the roof by the subtenants, is not pressed in the brief, and we assume it is abandoned. However we perceive no valid objection to the proof.

The judgment is affirmed.

Affirmed.