## CHAS. H. QUINLAN
### v.
## PHILIP BONTE.

*Landlord and Tenant—Holding Over—Presumption—Rebuttal of—Instruction.*

1.   Where a tenant occupies premises under a lease for a year and holds over without a new agreement, the landlord may elect to treat him as a tenant for another year on the terms of the original lease.

2.   The legal presumption arising from the mere fact of holding over can not be rebutted by proof of a contrary intention on the part of the tenant alone.

3.   It is error to instruct the jury on a theory which there is no evidence to sustain.

[Opinion filed January 18, 1888.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. H. T. & L. HELM, for appellant.

Mr. JESSE A. BALDWIN, for appellee.

MORAN, P. J.   This action was brought by appellant to recover from appellee rent of a certain store for the months from September, 1885, till May 1, 1886.   The evidence at the trial showed without conflict that appellee occupied the store under a written lease commencing on the last day of April, 1883, and terminating on the last day of April, 1884, at a rental of $60 per month; that in the spring of 1884 there was some talk between appellee and appellant about a further lease; that no written lease was made and no new agreement or understanding whatever was arrived at between them, but that appellee held over during the year 1884, and until September, 1885, paying rent at the rate mentioned in the written lease made the spring of 1883, to wit, $65 per month.   Appellee's testimony is explicit, that he asked appellant for a written lease

Quinlan v. Bonte.

about March, 1884, and that appellant refused to give him one, and that he occupied the premises from that on till he left, in September, 1885, and paid the rent without anything more being said or any new agreement or understanding being had. On this state of facts a verdict and judgment was rendered in favor of appellee.

The verdict is not supported by the evidence. All the material evidence introduced by both the parties shows that the verdict should have been in favor of appellant for the amount of rent claimed.

It is settled law that where a tenant occupies premises under a lease for a year or years, and holds over after the expiration of such lease without any new agreement with the landlord, the tenant may, at the election of the landlord, be treated as a tenant for another year on the terms of the original lease. The holding over without more gives rise to a legal presumption of a tenancy on the terms of the original lease, and while the legal presumption may be rebutted it can not be rebutted by proof of a contrary intention on the part of the tenant alone. If the holding over is shown to be with the understanding between the parties that it should not operate as a renewal of the original lease, this will rebut the presumption. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151. But such understanding must be shown by the evidence and, as we read this record, there is an utter absence of evidence tending, in the slightest degree, to prove such understanding between the parties.

There being no evidence from which such an understanding between the parties could be inferred, the court erred in giving defendant's third instruction, which told the jury that if the defendant remained in possession of the premises referred to after the termination of his lease, with the understanding and agreement between the parties that such holding over should not operate as a renewal of said lease, the verdict should be for the defendant.

It is error to instruct the jury on a theory which there is no evidence to sustain. The judgment must be reversed and the case remanded. *Reversed and remanded.*