## RICHARD GOLDSBROUGH
## v.
## JOHN M. GABLE.

*Landlord and Tenant—Lease under Seal—New Parol Lease—Estoppel —Evidence—Instructions.*

1. Where one, holding under a lease under seal, holds over and pays the stipulated rent after his term expires, his tenancy is not by virtue of the original lease, and a new parol lease may be made.

2. Where one holds under a lease providing for monthly payments, an agreement to pay semi-monthly is sufficient consideration for a new lease for less rent.

3. Where a new lease is fully executed, while the lessee is in possession under a former lease, and money is paid in accordance with it, the lessor is estopped to avoid it.

4. Evidence in this case is held to establish the execution of a new lease.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Peoria County; the Hon.
S. S. PAGE, Judge, presiding.

Messrs. McCULLOCH & McCULLOCH and SHEEN & LOVETT,
for appellant.

Such a contract is void for these reasons:

First, it is without consideration. Appellee was in law
bound to appellant for the rents as provided for in the
lease at least until March, 1885. His promise to keep the
premises and pay a lesser rent was therefore no consideration
for the plaintiff to reduce the rate. A promise to do that
which one is already bound to do is no consideration for a
contract. Loach v. Farnum, 90 Ill. 368; Miller v. Ridgeby,
19 Ill. App. 306.

Second, such a contract can not rest in parol. The estate
was created by deed. It can not be changed, although under
certain circumstances it may be put an end to, by parol.
Loach v. Farnum, *supra;* Clinton Wire Cloth Co. v. Gardner,
99 Ill. 151; Chapman v. McGrew, 20 Ill. 101; Hume v.
Taylor, 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216; Breher v.
Reese, 17 Ill. App. 545; Conway v. Starkwealten, 1 Denio,
113; Schuyler v. Smith, 51 N. Y. 309; Hemphill v. Flynn, 2
Penn. St. 144; Ames v. Schnesler, 14 Ala. 600; Crommelin
v. Theiss & Co., 31 Ala. 412.

Messrs. GEORGE B. FOSTER and ISAAC C. EDWARDS, for
appellee.

In support of appellant's position counsel lay a great deal
of stress upon Prickett v. Ritter, 16 Ill. 96; Clinton Wire
Cloth Co. v. Gardner, 99 Ill. 151; Webster v. Nichols, 104
Ill. 160, and other cases. We do not deny but that all the
foregoing decisions are good law, but insist that they do not
apply to the case at bar. In each of the cases cited the tenant
had held over without any new agreement as to terms or rent,
and the court held that such holding over would be construed
as an implied agreement on the part of the tenant that he was

Goldsbrough v. Gable.

holding upon the same terms as to rent and time of payment. But upon a careful examination of each of the cases it will be seen that such presumption or implication may be removed by the acts of one or both of the parties.

In the case of Field v. Herrick, 14 Ill. App. 187, the court say: "Now it is a general rule that where there is a lease for a year, and by the assent of both parties the tenant continues in possession afterward, *then, in the absence of any new agreement,* the law will imply a tacit renovation of the former one. * * * Where the lease is for any period less than a year, the holding will be construed as being for another term of the same length of time, and in all cases as upon the same terms as to the amount of rent and times of payment, unless there be some act of one or both of the parties to rebut such an implication." The learned judge in this case carefully reviews all of the authorities on this point, and broadly lays down the doctrine that the implication arising from holding over can be rebutted by the acts of one or both of the parties.

If the holding over is shown to be with the understanding between the parties that it should not operate as a renewal of the original lease, this will rebut the presumption arising by implication. Quinlan v. Bonte, 25 Ill. App. 240.

The legal presumption of a renewal of the tenancy arising from a holding over may be rebutted by proof of a different intention, but it must be shown that such different intention was participated in by both landlord and tenant. Wolz v. Sanford, 10 Ill. App. 136.

( The only other point seriously contended for by appellant's counsel is that the old lease being under seal, the subsequent verbal lease was void for want of a new consideration./ Counsel seem to totally ignore the important fact that the old lease had expired by its own limitation, and that there was no holding over under it, and that the parties to the old lease and to this suit had, after the expiration of the old lease, made a new parol lease which had been fully executed by all parties to it before the commencement of this suit.

We contend that if the parties to the old lease had, during

the time for which the old lease was given and before its expiration, met and by parol agreed that Gable was to surrender the old lease and take a new one for the same premises, that such parol surrender would be good, although the original lease was in writing and under seal. Baker v. Pratt, 15 Ill. 568; Allen v. Jaquish, 21 Wend. R. 628; Dearborn v. Cross et al., 7 Conn. R. 48; McKenzie v. Lexington, 4 Dana, 129.

If a lease under seal can be surrendered by parol, the courts will surely uphold a parol contract which was entered into after the expiration of the written lease by its own limitation, and fully executed by both parties.

We contend that where it is virtually agreed between the parties that a lease shall be surrendered, and a new one is thereupon made, and the landlord accepts the new lease, this will estop the landlord thereafter from denying the surrender of the first lease, notwithstanding it was in writing under seal and the agreement to surrender was verbal. Dills v. Stobie et al., 81 Ill. 205.

LACEY, J. This was a suit brought by appellant against appellee to recover an alleged balance claimed to be due from appellee to him on a certain lease. The cause was tried before a jury and resulted in a verdict in favor of the appellee, and judgment was rendered against appellant for costs, from which judgment this appeal is taken.

The facts are these: the appellee rented from and of appellant a certain building and premises situate in Peoria, Ill., from March 18, 1883, to March 18, 1884, for $840, payable in monthly installments of $70 per month, payable on the 18th day of each and every month until the expiration of said term. The lease was in writing and under seal. The rent was regularly paid until the expiration of the term, and at the end of the term the appellee did not deliver up possession, but continued to occupy the building and paid the rent at the stipulated price until May 18, 1884.

Then it is claimed by the appellee that a new agreement was entered into between the parties, to the effect that the appellee should only pay $50 per month, and that to be paid

semi-monthly. The latter continued in possession of the building from that time until the 18th day of October, 1888, when he delivered up the keys, the building having been consumed by fire between the 15th and 16th of the same month. There is a dispute as to whether such additional contract was made as to the change of the leasing. Upon this point the evidence is somewhat conflicting, the appellee testifying that such a contract was under negotiation from May 18, 1884, to July 9, 1884, and that at that date the changed terms of renting took place, and by the agreement, was to subsist from that time, as alleged, at $50 per month, payable every two weeks.

The appellant testified that no change was ever made and that he never agreed to take $50 per month for the use of the premises. Each had corroborating witnesses, but we think appellee was most strongly corroborated by direct evidence and largely so by the circumstantial. The fact, as it appears from the evidence, that appellee paid very regularly $50 per month semi-monthly, and that the appellant accepted it till October, 1885, without objection, and that even after he had made objection, as he says, then he accepted the payments in the same way till the end of the lease, strongly corroborates the appellee. All the evidence considered, it makes the impression on our minds that there can not be much doubt that the changed contract was made as claimed by appellee. And the jury were abundantly justified in finding that such was the case and that the entire rent had been paid in cash, and by repairs on the building authorized by appellant and done by appellee, including at the rate of $70 per month up to July 9, 1884, when the change in the terms of the renting is claimed to have taken place.

The appellant, however, insists that as a matter of law no such change in the terms of the renting as is alleged under the facts in the case, could have been effected. First, it is insisted that the lease being under seal and having been extended for another year by the appellee holding over and appellant accepting rent on the terms of the lease for two months after it expired, the contract could not be extended by intendment; that to do so would violate a rule of the

common law which prohibits an executory contract under seal from being changed by another contract of less dignity, *i. e.*, one not under seal; secondly, it is insisted that even if such could be done there was no consideration for the agreement and that it was therefore void. Some of the authorities cited in support are as follows: Loach v. Farnum, 90 Ill. 368; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151.

We will first consider the first point made. The rule that a contract under seal can not be changed by parol is a very harsh one, and was adopted a great while ago when the sentiments and habits of the people seemed to demand it. There may have been a reason for it at a time when men's names were signed by means of a waxen seal, and where a great majority even of the nobles could not read and write. But what good purpose can such a rule have now?

What great virtue can a mere scroll have when placed opposite to the signer's name, which the signature without would not have? And what good reason is there for saying that a simple contract in writing may be changed by a parol agreement, when one with a scroll may not? Our observations lead us to believe that the enforcement of such a rule has only a tendency to work injustice and create hardships, and seldom if ever promotes justice.

The very cases cited from our Supreme Court illustrate that fact. The Supreme Court, however, feels as stated in Loach v. Farnum, *supra*, that it has no power to change so ancient a rule, and refers it to the Legislature. We feel that the rule ought not to be extended to cases not strictly within its scope. It will be observed that the contract of leasing in question had expired when the supposed change was made and was not then executory. The expired contract is, properly speaking, not in force when a tenant holds over with the consent of the landlord. The new tenancy is one created by operation of law, and is in the nature of a parol agreement between the parties for a continuance of the tenancy another year on the exact terms of the old lease just expired. The old lease may be used as proof of what the agreement is, as implied by law, in connection with other facts, as often writings are used as

evidence to prove parts of a parol agreement. The seal, we imagine, has lost its mysterious force. A tenancy created by lease under seal may, by holding over and paying rent, ripen into a tenancy from year to year. In such case is it a tenancy existing by virtue of the original lease? we hold not. The original lease has only remote connection with it.

The leasing which we are considering, then, being of no higher grade than a strictly parol agreement at the time of the supposed change, it will be considered in that light. Suppose it be admitted that the new lease was one that could have been enforced for a year, we think the parties had a right at any time to change it by making different terms.

In this case the evidence tends to show that the new leasing was monthly, and the time of payment, instead of being every month, was to be every half month. We see no reason why parties can not change leases and make the terms different at any time. The agreement in this case to pay semi-monthly was a benefit to appellant and was a good consideration. If a man's conscience tells him that he is taking too much rent and he agrees to supersede the old lease by taking a new one with less rent for the future, it seems to us that this would be valid and based on a valid consideration. The rent to accrue, though less, would be a consideration. We think the following cases fully illustrate this: Dunbar v. Burts, 25 Ill. App. 240; Wolz v. Sanford, 10 Ill. App. 136; Field v. Herrick, 14 Ill. App. 187. Under this view of the law, the appellant got more favorable instructions than he was entitled to. We also think that the modification made by the court, that if the new contract was fully executed and the money paid in accordance with it, that such fact would create an estoppel against appellant from avoiding the contract, is supported by White v. Walker, 31 Ill. 422, and Loach v. Farnum, 90 Ill. 368.

We do not think the court erred in refusing the appellant's instruction No. 1. The evidence is very meagre to support it, and besides, the appellant apparently acquiesced in the payment of $50 per month from October, 1885, to the end of the lease—at least there was evidence to that effect—and the

proposed instruction leaves this feature out of view, which, if proper at all, should not have been done. It was properly refused. We see no material error in refusing other of appellant's instructions. Finding no error in the record, and believing that full justice has been done, the judgment is affirmed.

*Judgment affirmed.*