## Dionne et al. v. Matzenbaugh.

1. *Judgment upon Confession—Motion to Vacate.*—Where a notice was made to vacate a judgment, entered by confession, under a power of attorney, attached to a promissory note, it was shown by affidavits, that the only consideration was an agreement by the payee with the makers, not to prosecute a son of one of the makers for forgery. *It was held,* that if the fact shown were true, it would render the note void, and was sufficient ground for granting the motion.

**Memorandum.**—Action on a promissory note. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANTS' BRIEF, KAY & KAY AND C. W. RAYMOND, ATTORNEYS.

The equitable jurisdiction to set aside judgments entered in vacation by confession, should be liberally exercised. It is necessary that courts of law should possess and liberally exercise that jurisdiction. Lake v. Cook, 15 Ill. 353; Wyman v. Yeomans, 84 Ill. 403. Where it is doubtful whether the plaintiff is entitled to judgment, an issue should be formed to try the defense. Lake v. Cook, 15 Ill. 353; Condon v. Besse, 86 Ill. 159; Heeney v. Alcock, 9 Brad. 431.

A judgment confessed may be opened because the note was given to compound a felony. Bredin's Appeal, 92 Pa. St. 241; 37 Am. Dec. 677; Parker v. Enslow, 102 Ill. 272; Buck v. First Nat. Bk. of Paw Paw, 27 Mich. 293; Am. Rep. 189.

Under the common law it was illegal, where the party robbed not only knew the felon, but also took his goods again, or other amends, upon agreement not to prosecute. This was called theft bote, or compounding a felony. It made a man an accessory. 4 Blackstone's Com. 133.

Compounding a felony is the act of a party immediately aggrieved, who agrees with the thief, or other felon, that he

will not prosecute him on condition that he return to him the stolen goods, or who takes a reward not to prosecute. Am. and Eng. Ency. of Law, Vol. 3, page 399.

The bare taking a man's own without favor to the thief is no offense. Bothwell v. Brown, 51 Ill. 234; Taylor v. Cottrell, 16 Ill. 93.

The public always has an interest in the fair trial of causes, so that notes in furtherance of agreements to suppress testimony are void. Swan v. Chandler, 8 B. Mon. (Ky.) 97; Hoyt v. Macon, 2 Col. 502.

Where any part of the consideration of a note is the compounding of a felony, or the suppression of evidence, it can not be enforced. It is contrary to public policy. The money for which the note was given may be actually due the payee, but if the consideration for the note is even in part, the abandonment or prevention of criminal proceedings, the instrument is illegal and void. Godwin v. Crowell, 56 Ga. 566; Taylor v. Jaques, 106 Mass. 291; Buck v. First National Bank, 27 Mich. 293; Am. and Eng. Ency. Vol. 3, 403; Woodruff v. Hinman, 11 Vt. 592; Cameron v. McFarland, 2 Car. Law Repos. 415 (N. Car.); Lindsay v. Smith, 78 N. C. 328; Rhodes v. Neal, 64 Ga. 704; Barron v. Tucker, 53 Vt. 338; Pearce v. Wilson, 111 Pa. St. 14.

APPELLEE'S BRIEF, C. H. PAYSON, ATTORNEY.

Whoever takes money or other reward, or promise thereof, to compound any criminal offense, shall be fined in double the sum or value of the thing agreed for or taken; but no person shall be debarred from taking his goods or property from the thief or felon, or receiving compensation for the private injury occasioned by the commission of any such criminal offense. 1 Starr & C. Statutes, 766, par. 69; Ford v. Cratty, 52 Ill. 315; Bothwell v. Brown, 51 Ill. 234; Taylor v. Cottrell, 16 Ill. 93.

A person prosecuting another upon a charge of crime, may receive from the accused private satisfaction for his private injury, and the fact that he receives this while the prisoner is in confinement, *and forbears further prosecution*, does not,

of itself, render the transaction illegal. Schommer v. Farwell, 56 Ill. 542; Heaps v. Dunham, 95 Ill. 583.

Opinion of the Court, Lacey, J.

This was a motion made in the Circuit Court by appellants, to open up a judgment in favor of appellee, against them, entered by confession, by virtue of a power of attorney attached to a promissory note, given by appellants to appellee, dated November 12, 1891, for $376, due December 1, 1892, with six per cent interest per annum, from date, based on the affidavit of the appellants, showing that the sole and only consideration of the note was an agreement by appellee, with them, not to prosecute appellant Siliana's son David, for the crime of forgery of a promissory note, signed by himself, payable to appellee for money loaned, for $300, to which he had forged the names of John Baron and John Euchner as sureties, dated January 12, 1888, due in ninety days, with eight per cent interest, and the destruction of the note. In fact, the only consideration of the note was the compounding of a felony. It is true, there were counter affidavits filed, showing that the consideration of the note was as security for David, the son of appellant Siliana, to secure his note, to which the forged names were attached.

But the court could not try such issue on affidavits. If the affidavit of the appellant showed a *prima facie* case of a good defense, as here, it was the duty of the court to open up the judgment and allow such defense to be made, and the issue to be tried by a jury.

It is insisted that the affidavits failed to show a good defense, or that the consideration of the note was the compounding of a felony. But we think it does. It shows a state of facts, if true, that would void the note. Haltham v. Kuntz, 17 Brad. 434. This case is not like and is distinguished from, the one of Ford et al. v. Crotty, 52 Ill. 315. Here, as in the case of Haltham v. Kuntz, *supra*, the appellants were not the makers of the forged note. As said in the last cited case, the indebtedness of the principal

in the forged note " would be a sufficient consideration to support a promise, in writing, by appellants to appellee, to pay the debt," and in absence of proof to the contrary, the presumption would be that such indebtedness was the real consideration for the promise; but here all parties agree that the promise was in consideration that the plaintiff would not "prosecute the criminal charge against H. R. Kuntz."

In the case at bar, the affidavit of appellants shows that the consideration for their signatures to the note in question was the agreement not to prosecute David Saindore for his crime of forgery, who was the son of the appellant Siliana by her former husband.

The court erred in not granting the motion and in not opening up the judgment and allowing the defense. The judgment of the court below is therefore reversed and the cause remanded.