## Fannie Rand v. Martin Purcell.

1. JUDGMENTS—*Rendered in the Appellate Court.*—The Appellate Court can render a judgment upon a finding of facts by it only when the trial below was without a jury.

2. LANDLORD AND TENANT—*Holding Over on an Increase of Rent.*— Where a tenant holds over after the expiration of a former lease, with

notice of an increase of the rent, if no new bargain as to other terms is made, he will become a tenant for another year at the increased rent; but as to all other matters the terms expressed in the former lease will govern.

**Action for Rent.**—In the Superior Court of Cook County on appeal from a justice of the peace; the Hon. John Barton Payne, Judge, presiding. Trial by jury; verdict and judgment for defendant; appeal by plaintiff; submitted at the October term, 1894. Reversed and remanded. *Opinion filed April 4, 1895.*

Coy & Brockway, attorneys for appellant.

William A. Doyle, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellee was tenant of a dwelling house of the appellant under a written lease for a year, expiring April 30, 1893, at the rent of $47.50 per month. Before the lease expired, the appellant notified the appellee that after April 30th if he remained, the rent would be $50 per month. He remained until September 15th, paying the rent of the previous months, $50 per month.

The appellant rented the premises—part to one tenant and part to another—how soon, and upon what terms does not clearly appear, though it is testified that the appellant received only $75 for the months of September, October and November. Why the jury did not allow the defendant $25 for the half of September during which the appellee did occupy, whatever they concluded upon the testimony as to the terms under which the appellee held over, or why the court did not impose the payment of that sum as terms of refusing a new trial, can only be explained by what seems a fair inference from the record, that the appellant claiming not less than $75, which she had recovered before a justice, by appeal from whose judgment the case was in the Superior Court, forebore to press the undisputed claim of $25, fearing the effect upon her larger claim.

Yet that is but an inference, and the appellant did move for a new trial because the verdict was contrary to the law

and evidence in the case, which, being true, she was entitled to a new trial, that she might, at least, recover the $25. We are asked by the appellant to render a judgment for her here, upon a finding of facts by ourselves. We can only render such a judgment for a plaintiff when the trial below was without a jury. Union National Bank v. Manistee Lumber Co., 43 Ill. App. 525.

Holding over, as the appellee did, after the expiration of the former lease, with notice of an increase of the rent, if no new bargain as to other terms was made, he became tenant for another year at the increased rent, but as to all else, upon the terms expressed in the expired lease. Miller v. Ridgely, 19 Ill. App. 306; Schuyler v. Smith, 51 N. Y. 309, cited in Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151.

Whether there is any evidence of any new bargain between the parties, which prevented the holding over by the appellee from operating as a lease for another year, we do not discuss.

The judgment is reversed and the cause remanded.