## Nettie F. McCormick, Defendant in Error, v. Fred S. Loomis, Plaintiff in Error.

### Gen. No. 15,773.

1. STATUTE OF FRAUDS—*when lease not within.* A lease signed by a tenant running for a period in excess of one year is enforceable by the landlord though not signed by her in person but executed in her behalf by an agent having no written authority if such lease has been accepted by the landlord though not in writing.

2. JUDGMENT—*when, entered by confession, should be opened.* On an application by a defendant to open a judgment by confession and to permit him to defend, if the evidence of the defendant shows, or tends to show, that he has a good defense to the whole or to any substantial part of the plaintiff's claim, and that a question is presented which should be submitted to a jury, the court should set aside the judgment and permit the defense to be made.

3. JUDGMENT—*when counter-affidavits improper upon motion to open.* On a motion to open a judgment the court may admit counter-affidavits in evidence in some instances where the question involved is a question for the court purely, but it is improper to do so where the merits of the case only are involved as the court cannot try the issues in that manner.

Judgment by confession. Error to the Municipal Court of Chicago; the Hon. JOHN H. T. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded with directions. Opinion filed October 25, 1911.

**Statement by the Court.** Judgment by confession was entered in the Municipal Court in favor of defendant in error against the plaintiff in error in the sum of $542.50, on a warrant of attorney in a lease. Three days later, June 21, 1909, plaintiff in error made a motion in open court to vacate the judgment or to have the same opened up to allow him to make defense to the suit of the defendant in error. The motion was heard on oral evidence and arguments, and it was by the court denied. The cause is now before this court on writ of error to review the order of the lower court in denying said motion.

The evidence heard on said motion discloses that

the said judgment was rendered for an alleged balance of rent due defendant in error on a written lease by her to plaintiff in error of rooms 423 and 425 in Reaper Block in the city of Chicago, as law offices, for the period of two years from May 1, 1907; that said plaintiff in error executed said lease and entered into the possession of said premises May 1, 1907, and continued in possession thereof, and paid the rent to her, until July 21, 1908, when he left said premises and never returned to the same; that he did not assume further control of the premises and did not pay the remainder of said rent; that the said lease was signed by the defendant in error by John A. Chapman, her agent, who had no written authority from her to sign the same. The evidence of plaintiff in error further tends to show that defendant in error had opportunities to rent the premises after plaintiff in error had left them, and thereby to lessen her claim for damages against him, and that she refused to so rent them, although he requested her to do so.

ARNOLD D. McMAHON, for plaintiff in error.

E. C. WESTWOOD, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiff in error argues that his evidence disclosed a complete defense at law to the whole of defendant in error's suit, because the contract or lease sued on does not bind him under the Statute of Frauds. The reasoning advanced for this claim is, that said contract or leasing is for more than one year and, to be binding under the Statute of Frauds upon either party thereto, it should have been signed by both parties; that the signing of said contract by the defendant in error by her agent was not binding on her, because her agent had no written authority from her to sign

said lease, and, therefore, it was not binding upon plaintiff in error. We think that the acceptance of this contract and the collecting of rent thereon by the defendant in error, although the acceptance was not in writing, was sufficient to bind the plaintiff in error, the contract having been duly executed by him before such acceptance.

It is now well settled by the weight of authority that the Statute of Frauds is satisfied if the contract for the sale of land for a longer term than one year, or the memorandum or note thereof, be signed by the party alone who is sought to be charged whether he be vendor or vendee. By such authority the Statute of Frauds is treated as furnishing a rule of evidence. That is to say, a party who is seeking to enforce such a contract against another must furnish the proof that the contract or memorandum thereof is in writing and signed by the other party, provided the Statute of Frauds is invoked as a defense to such contract. The want of mutuality in the contract is no objection to the enforcement of it. The Supreme Court of this State has frequently ruled on this question. The latest case, perhaps, is the case of Ullsperger v. Meyer, 217 Ill. 262, in which is cited a large number of other cases and authorities on the same question.

Where the Statute of Frauds is not involved, the law is, that where a party accepts and adopts a written contract, even though it is not signed by him, he shall be deemed to have assented to its terms and conditions and to be bound by them. Forthman v. Deters, 206 Ill. 159; Memory v. Niepert, 131 Ill. 623; Ames v. Moir, 130 Ill. 582; Fields v. Brown, 90 Ill. App. 195; and Bowman v. Powell, 127 Ill. App. 114.

The defendant in error could only recover the rent agreed to be paid by plaintiff in error, less whatever she could have realized out of the premises as rents by the use of due diligence after they came into her possession. As there was evidence tending to support

the claim of the plaintiff in error that the defendant in error failed to avail herself of the opportunities to lessen her damages by renting to others, the court should have opened up the judgment to allow this defense. Plaintiff in error recovered the full balance of the unpaid rents for the term of the lease with attorney fees, and the evidence on the motion to open up the judgment tends to show that the damages recovered in this case are in excess of the damages she was legally entitled to recover. On an application by a defendant to open a judgment by confession and to permit him to defend, if the evidence of the defendant shows, or tends to show, that he has a good defense to the whole or to any substantial part of the plaintiff's claim, and that a question is presented which should be submitted to a jury, the court should set aside the judgment and permit the defense to be made. Resser v. Corwin, 72 Ill. App. 625; Pitts v. Magie, 24 Ill. 610; Birtman Co. v. Thompson, 136 Ill. App. 621.

The court also erred in admitting counter evidence on the merits for defendant in error. On a motion to open a judgment the court may admit counter affidavits or evidence in some instances where the question involved is a question for the court, purely; but it is improper to do so where the merits of the case only are involved, as the court cannot try the issues in that manner. This is particularly true where the issues are such that the right of trial by jury is involved. Dionne v. Matzenbaugh, 49 Ill. App. 527; The Gilchrist Trans. Co. v. The Northern Grain Co., 204 Ill. 510.

It will not be necessary to pass on the question of variance raised by plaintiff in error, as it may not arise in the further proceedings in the case. Neither is it necessary to comment upon the question whether or not the defendant in error consented to, or accepted, the surrender of the premises by the plaintiff in error,

as he may hereafter avail himself of the right of any legal defense he desires to make.

For the errors indicated, the judgment of the court in refusing to open the confessed judgment is reversed, and the cause is remanded with directions to open said confessed judgment, and to permit plaintiff in error to make his defense to the suit of the defendant in error.

*Reversed and remanded with directions.*