held title to the property replevied, an automobile, as trustee for defendant, since the right to prove such fact in such case is expressly given to defendant by the Replevin Act, sec. 26 (J. & A. ¶ 9211), and it is therefore essential that defendant be allowed to prove, by competent evidence, that plaintiff in the replevin action was entitled to the possession of the replevied property as trustee or bailee for defendant.

## Chicago, Indianapolis & Louisville Railway Company, Defendant in Error, v. Monarch Lumber Company, Plaintiff in Error.

### Gen. No. 21,787. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed November 14, 1916.

### Statement of the Case.

Action by the Chicago, Indianapolis & Louisville Railway Company, a corporation, plaintiff, against the Monarch Lumber Company, a corporation, defendant, in the Municipal Court of Chicago, to recover transportation charges and demurrage on a shipment consigned to defendant. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

Plaintiff's statement of claim alleged that the charges sued for accrued on a shipment from Cascade, Missouri to Michigan City, Indiana, consigned to defendant, and by it ordered reconsigned to another firm at Michigan City. It was further alleged that on the refusal of the second consignee to accept the shipment, defendant ordered the shipment to Chicago.

BRUNDAGE, LANDON & HOLT, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; GEORGE A. KELLY, of counsel.

C., Ind. & L. Ry. Co. v. Monarch Lumber Co., 202 Ill. App. 20.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 28*—*when objections to sufficiency of statement of claim cannot be raised on appeal.* In an action in the Municipal Court of Chicago, objections to the sufficiency of plaintiff's statement of claim not taken in the trial court cannot be raised for the first time on review, since if defendant thinks the statement insufficient, he may move for a more specific statement, and, failing to do so, impliedly admits the sufficiency of the statement.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient by inference.* In an action in the Municipal Court of Chicago by a railroad company to recover for demurrage and transportation charges accruing on a shipment consigned to defendant, where defendant objects to the sufficiency of the statement of claim on the ground that it does not expressly allege that plaintiff was the delivering carrier, statement of claim *held* sufficient under the Municipal Court Act, sec. 40 (J. & A. ¶ 3352), where the fact that plaintiff was such delivering carrier is inferable from allegations that defendant ordered the shipment reconsigned to another consignee at Michigan City, Indiana, and on the refusal of such second consignee to accept, ordered the shipment to Chicago, such statute not requiring that a statement of claim set forth a cause of action with the particularity required by common-law pleading, but merely a statement of the account or nature of the demand sued on.

3. APPEAL AND ERROR, § 1470*—*when admission of copy of letter not prejudicial error.* It is not prejudicial error to admit in evidence the copy of a letter where the fact which the letter tended to prove is amply proved by other evidence in the record.

4. EVIDENCE, § 457*—*when reading of testimony in another action not erroneous.* It is not reversible error to permit counsel to read questions and answers from a bill of exceptions purporting to contain the testimony of the witness in another case involving the same subject-matter, and to ask witness whether he gave such testimony, where the counsel was laying a foundation for impeaching the witness, and where, although counsel was later granted permission to read such former testimony in evidence, he did not avail himself of the privilege.

5. CARRIERS, § 211*—*when instruction as to liability of consignee*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*for demurrage and freight charges not erroneous.* In an action by a railroad company to recover demurrage and transportation charges on a shipment consigned to defendant, it is not error to instruct the jury that where a consignee accepts a shipment consigned to him he then becomes liable to the carrier for the lawful transportation charges which have accrued, and that to bind defendant it is not necessary that the shipment be physically delivered to defendant, his acceptance being provable by evidence that defendant ordered the shipment delivered to another.

6. CARRIERS, § 211*—*when evidence shows acceptance by consignee of shipment.* In an action to recover transportation charges and demurrage on a shipment consigned to defendant, evidence that defendant directed plaintiff, a railroad company, to deliver the shipment to another company, and to collect its charges from such third party, and that later, on the refusal of such third party to accept the shipment, defendant directed plaintiff to forward it to defendant, *held* sufficient to show an acceptance of the shipment by defendant.