## Thomas P. Evans, Appellee, v. Henry F. Schwartz, sued as H. P. Schwartz, Appellant.

### Gen. No. 23,804.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim for rent is sufficient.* A statement of claim in the Municipal Court of Chicago which recites that the claim is for rent and specifies the months for which the rent is claimed and the amount claimed is sufficient.

2. LANDLORD AND TENANT, § 437*—*what are rights of landlord against tenant holding over after expiration of term.* Where a tenant remains in possession after the expiration of the term set forth in his written lease without any new contract with the landlord, the latter may treat him either as a trespasser or as a tenant.

3. LANDLORD AND TENANT, § 88*—*what constitutes election to treat tenant holding over as tenant for another year.* By accepting the payment by a tenant under a lease for a year, of rent for several months after the expiration of his written lease at the rate provided in such lease, the landlord elects to treat him as a tenant and the tenant becomes such for another year upon the same terms and for the same rent as were specified in the written lease, whether the lease provided for an annual rental payable in monthly instalments or for a year's occupancy at a stipulated monthly rental, and whether it was for a year or for a year and a fraction thereof.

4. FRAUDS, STATUTE OF, § 93*—*when tenant is estopped to set up.* It is not necessary that a lease be signed by both landlord and tenant in order to comply with the Statute of Frauds, but the tenant's signature alone is sufficient, and where he has signed, taken possession and paid rent to the landlord, he is estopped to set up the Statute of Frauds.

5. LANDLORD AND TENANT, § 330a*—*when exclusion of evidence of tenant giving notice of intention to vacate is immaterial.* In an action for rent against a tenant holding over after the termination of his term under a written lease, the exclusion of evidence of his having given notice, before the expiration of the original term, of his intention to vacate, *held* not ground for reversal.

6. WITNESSES, § 224*—*when exclusion of questions on cross-examination of landlord as to efforts to re-rent vacated premises is proper.* In an action for rent, where neither the statement of claim nor the affidavit of merits makes any reference to plaintiff's efforts to re-rent the premises after defendant had vacated them

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

before his term expired, it is not error to exclude questions in regard thereto on the cross-examination of plaintiff, where the only question on his direct examination which had any bearing thereon was whether the premises had remained vacant after defendant had abandoned them and whether he received any income therefrom for the period for which he was suing to recover rent.

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed July 10, 1918.

JESSE WILCOX, for appellant.

AARON R. EPPSTEIN, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago, against the defendant, for $150 based upon a directed verdict for that amount. The plaintiff's amended statement of claim was as follows: "Plaintiff's claim is for rent of premises known and described as flat number three, third floor, of the building known as 524 East 61st street, Chicago, Illinois, being instalments of rent due on the first days of June, July, August, September, October and November, 1913, at twenty-five dollars per month, one hundred and fifty dollars." The defendant contends that this statement is insufficient, and that the court, therefore, erred in overruling his motion in arrest of judgment. Section 40 of the Municipal Court Act (J. & A. ¶ 3352) merely requires "a statement of the plaintiff's claim, which statement, if the suit be upon a contract, express or implied, shall consist of a statement of the account, or of the nature of the demand   *   *   *." As the statement of claim here involved recited that plaintiff's claim was for rent, and specified the months for which the rent was claimed, and the amount claimed, it was sufficient. The statute referred to does not require that the statement of claim in a case of the fourth class in

the Municipal Court shall set forth a cause of action with the particularity required by a common-law pleading, but merely a statement of the account or nature of the demand sued on. *Enberg v. City of Chicago,* 271 Ill. 404, 409; *Chicago, I. & L. Ry. Co. v. Monarch Lumber Co.,* 202 Ill. App. 20; *Kappes v. Bacon,* 209 Ill. App. 290.

The premises involved in the lease which is here in controversy consisted of an apartment. The lease introduced in evidence was signed by the defendant lessee only, under date of November 5, 1911, and leased the premises in question "from the fifth day of November A. D. 1911, until the thirtieth day of November, A. D. 1912." By the terms of the lease, defendant agreed "to pay as rent for said demised premises, the sum of twenty-five dollars, payable in monthly instalments of twenty-five dollars each, in advance, upon the first day of each and every month of said term." All of this clause was printed except the words "twenty-five," occurring twice, which were in writing. The defendant occupied the premises for the full term, paying the stipulated rent each month, and without any further arrangement, held over beyond the term and until the latter part of May, 1913, when some dispute arose about the making of repairs, and the defendant vacated the premises. He paid the plaintiff $25 each month after November 30, 1912, up to and including the month of May. The plaintiff's suit is based on the theory that, by holding over, the defendant became a tenant from year to year, and, therefore, was liable for the rent at the rate specified in the lease, up to and including the month of November, 1913. The authorities in this State support that contention. The defendant having remained in possession after the expiration of the term, as set forth in the written lease, without any new contract with the plaintiff, it was optional with the latter to treat him as a trespasser or as a tenant, and by accepting the payment of the

rent for the several months succeeding the expiration of the written lease, the plaintiff made his election, and the defendant became a tenant of the premises for another year, upon the same terms, and subject to the same rent as specified in the original lease. *McKinney v. Peck,* 28 Ill. 174; *Goldsborough v. Gable,* 140 Ill. 269; *Weber v. Powers,* 213 Ill. 370, 383; *Standard Brewery v. Creedon,* 283 Ill. 474; *Hately v. Myers,* 96 Ill. App. 217; *Bills v. Cooling,* 187 Ill. App. 642.

In these cases, the rule as stated has been applied where the original written lease reserved an annual rental, payable in monthly instalments. In the following cases, the same rule has been applied where the original lease did not reserve an annual rental, but where the premises were leased for one or more years at a stipulated monthly rental. *Clinton Wire Cloth Co. v. Gardner,* 99 Ill. 151; *Wolz v. Sanford,* 10 Ill. App. 136, 139; *Quinlan v. Bonte,* 25 Ill. App. 240; *Rand v. Purcell,* 58 Ill. App. 228; *Directors Chicago Theological Seminary v. Chicago Veneer Co.,* 94 Ill. App. 492; *Kelly v. Armstrong,* 139 Ill. App. 467.

The defendant urges that this rule never has been and should not be extended to the case of a lease for an odd period of time, such as a year and a fraction. It has been so applied, however, in a case where the original lease was for a period of two years and eleven months, at a monthly rental of $135. *Besley v. Ridgely,* 195 Ill. App. 435. There would seem to be no reason why the rule, as our courts have thus applied it, should not prevail under such facts as are involved in the case at bar.

The defendant urges that the lease is void under the Statute of Frauds, and that, where a tenant occupies premises and pays rent under a lease void under the Statute of Frauds, he is a tenant from month to month. Our courts have frequently held that it is not necessary that a lease be signed by both landlord and tenant in order to comply with the Statute of Frauds, but

that a tenant's signature is sufficient to enable the landlord to hold him to the terms of the lease. In such a situation, the lessee, having signed the lease and taken possession of the premises under it, and paid rent to the landlord, is estopped to urge that it is within the Statute of Frauds, by reason of not having been signed by the lessor, or by some one on his behalf, with proper authority. *McCormick v. Loomis,* 165 Ill. App. 214; *Bowman v. Powell,* 127 Ill. App. 114; *Cook v. Curry,* 192 Ill. App. 182.

The defendant further urges that the court erred in excluding certain evidence as to the giving of notice that he would vacate. The defendant having become a tenant for another year, this point becomes immaterial, as, at most, the alleged notice could only have served to terminate the defendant's tenancy at the end of that year, and no effort is being made in this case to collect rent beyond that period.

It is further contended that the court erred in sustaining objections to questions asked by defendant's counsel of the plaintiff on cross-examination as to what efforts the plaintiff had made to re-rent the premises after the defendant's removal. These rulings were correct, as the questions asked were not proper cross-examination. On direct examination, there had been no inquiry of the plaintiff as to his efforts to secure a new tenant. He had been asked whether the premises remained vacant after the defendant abandoned them and whether he had received any income from the premises for the period for which he was suing. This was an entirely different question and had nothing to do with the matter of whether or not he had made any effort or had exercised due diligence to get another tenant. That question was in no way involved in the issues presented, for no reference was made to it, either in the statement of claim or the affidavit of merits.

Finding no error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*