## Robert L. Pangborn, Appellee, v. Addison Blakely, Appellant.

## Gen. No. 25,781.

LANDLORD AND TENANT, § 478*—*how tenancy from year to year terminated.* Where a tenant holds possession of premises from year to year, such tenancy will so continue until terminated by a 60-day notice given in pursuance of Rev. St. ch. 80, sec. 5 (J. & A. ¶ 7043), and such notice must be served at some time within the first 4 months of the last half of the then existing yearly term.

Appeal from the Municipal Court of Chicago; the Hon. WARREN H. ORR, Judge, presiding. Heard in this court at the October term, 1919. Reversed with judgment of *nil capiat.* Opinion filed March 8, 1920.

WILLIAM MCKINLEY, for appellant.

RICHARD H. PETERSON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of forcible detainer for possession of an apartment at 7361 North Ashland avenue, Chicago, in which plaintiff had judgment for possession, and defendant appeals.

Plaintiff claims under a lease from the fee owner, James B. Carter. Defendant has been in possession of the apartment as a tenant from year to year. The leasing has been by oral agreement, commencing the first term October 1, 1913, and ending September 30, 1914.

Defendant's first landlord was Rose Steiner, who sold the property in which the premises in dispute are situate in December, 1914, to Kusel & Harris. Defendant, commencing January 1, 1915, paid rent to P. A.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Harris until March, 1917, when the property was transferred to James B. Carter, the present owner. During all this time defendant paid the agreed rental to the several owners to the time of the commencement of this suit. James B. Carter served a 60-day notice, which expired February 28, 1919, notifying defendant that his right to possession would terminate on that date; as defendant did not move out, this suit in forcible detainer was instituted.

Defendant's tenancy was from year to year under the facts in evidence; at first under a definite agreement for one year and thereafter by a continuance in possession with the acquiescence of the landlord for the time being. Such tenancy has continued for yearly terms and will so continue until terminated by a 60-day notice given in pursuance of section 5, ch. 80, Rev. St. (J. & A. ¶ 7043). This notice must be served at some time within the first 4 months of the last half of the then existing yearly term.

That defendant paid the stipulated rent during all the time of his occupancy to the commencement of this suit is not disputed; nor is the fact called in question that the yearly terms of occupancy expired on September 30 in each year. Therefore, at the time this suit was brought his term would not expire until September 30, 1919, and could then only be terminated by the giving of a 60-day notice under section 5, *supra,* terminating the tenancy by service of such notice more than 60 days prior to the last-mentioned date. Defendant's tenancy could not be terminated in any other way except for nonpayment of rental in monthly instalments as agreed. In other words, after September 30, 1914, defendant became a tenant of the premises for another year upon the same terms and at the same rental as agreed upon in the original oral lease, and so on yearly thereafter, and such tenancy will continue until terminated as provided in section 5, *supra,* or in some other way as provided by statute should

defendant default in the payment of rental instalments or be guilty of any other breach of the implied covenants of his leasing.

The facts in this case fall within the principle and reasoning in *Evans v. Schwartz*, 211 Ill. App. 573, and the numerous cases there cited.

As defendant was rightfully in possession at the time the forcible detainer suit in question was commenced, and as defendant was not delinquent in the payment of the agreed rental at that time, the plaintiff had then no cause of action against defendant; therefore the judgment of the municipal court is wrong, and it is reversed and a judgment of *nil capiat* entered in this court.

*Reversed with judgment of nil capiat.*

MR. PRESIDING JUSTICE MCSURELY and MR. JUSTICE DEVER concur.