## Robert Kelso v. Daniel F. Crilly.

1. EVIDENCE—*Letters from Attorneys Holding Claims for Collection.* —In an action by a landlord, under a clause in a lease providing that at its termination by lapse of time or otherwise, the tenant shall yield up immediate possession, and failing so to do, shall pay as liquidated damages, the sum of ten dollars per day, for the whole time such possession was withheld, a letter from the landlord's attorney in whose hands the matter had been placed for collection, stating that the claim was for rent due, is competent to be considered as bearing upon the question as to whether the landlord had elected to hold the defendant as his tenant after the expiration of the lease.

2. LANDLORD AND TENANT—*Persons Holding Over—Occupants or Tenants.*—Very slight acts on the part of the landlord, or a short lapse of time, are sufficient to conclude his election and make the person holding over, his tenant.

Covenant of a Lease under Seal.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed November 16, 1899.

**Statement by the Court.** —Crilly, the appellee, demised certain premises in Chicago to Kelso, the appellant, by lease expiring April 30, 1891, at a monthly rental of $75 per month.   Among other provisions in the lease was the following :

" At the termination of this lease, by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do, to pay as liquidated damages, for the whole time such possession is withheld, the sum of ten ($10) dollars per day; but the provisions of this clause shall not be held as a waiver by said first party of any right of re-entry as hereinafter set forth; nor shall the receipt of said rent or any part thereof, or any other act in apparent affirmance of the tenancy, operate as a waiver of the right to forfeit this lease and the term hereby granted for the period still unexpired, for any breach of any of the covenants herein."

Appellant took possession of the demised premises, and occupied them until the end of the lease, and until about September 1, 1891, in all 120 days.   Appellee brought an action in covenant to recover for the time that appellant held over, 120 days at $10 per day, under the covenant to yield up possession on the expiration of the lease above quoted.

The pleas were *non est factum* and four additional pleas filed by leave of the court, the first denying the withholding of the demised premises after the expiration of the lease; second, alleging that the failure to deliver up possession was because of plaintiff's consent that defendant should retain possession after the expiration of the lease; third, alleging that defendant occupied premises in question after expiration of the lease because of leave and license of the plaintiff that defendant might continue to occupy the same; and, fourth, alleging that defendant did yield up possession of demised premises according to the form and effect of the lease.   A similiter was filed to said plea of *non est factum*, and also to the first and fourth additional pleas, and also replications, taking issue upon the second and third additional pleas.

A trial was had which resulted in a verdict for appellee of $300, but the court granted a new trial.   A second trial

resulted in a verdict for appellee of $1,600, by direction of the court at the close of all the evidence, on which, after a remittitur of $750, the court rendered judgment for $850, from which this appeal is taken.

The evidence offered on behalf of the defense tends to show that appellee employed an attorney, Edwin Burritt Smith, to settle his claim against appellant for rent upon the premises in question for $712.50. A letter written by Mr. Smith was offered in evidence as follows:

"MAY 16, 1892.

MR. ROBERT KELSO, 697 Austin Avenue, City.

DEAR SIR: Mr. Daniel F. Crilly has placed in my hands for collection his claim against you for $712.50, being for rent due on premises known as No. 63 Market street, from May 1, 1891, to April 30, 1892. Unless this matter is settled within one week I am directed to bring suit.

Yours very truly,

EDWIN BURRITT SMITH."

This letter, on objection by counsel, was excluded from the jury.

Appellant testified, among other things, that appellee's agent called upon him after May 1, 1891, and demanded rent at the rate of $100 per month, which appellant refused to pay, and that later said agent again called upon appellant for rent, when appellant said to the agent, "Give me a receipt and I will pay what I owe you;" that the agent then said that he had no authority to do that, but would take it on account; that appellant replied, "I don't keep an account with you. You never had to come a second time. If you will give me a receipt I will pay you what I owe you."

Appellant further testified that neither appellee nor his agent asked appellant to vacate the premises after May 1, 1891, and that the last day of August he, appellant, delivered the keys to appellee's agent, at his office; that the agent took the keys, threw them on the floor, and said he could not receive them.

Appellant further testified that in the latter part of April, appellee offered to give him the place for $90 a month and a lease for one year, to which appellant replied that he did

not want it at any price, for he had no use for it, but that he would occupy the premises until appellee could rent them. To this appellee made no response, and as appellant went away he said to appellee, " Give me three days notice and I will get out." It does not appear that appellee made any response to this.

Samuel Burns, called on behalf of appellant, testified in corroboration of appellant's testimony that appellee's agent, in the latter part of May or the 1st of June, 1891, asked appellant $100 a month for rent, and also that appellant told the agent that if the latter would give a receipt for $75 a month he would be willing to settle up with him.

It was also admitted on the trial, by counsel for appellee, that appellant delivered the keys of the premises in question, at the office of appellee, to the latter's son, about the last of August, 1891, who took the keys and threw them under the table.

On motion of counsel for appellee, the court excluded from the jury all the evidence concerning the interview between appellee's agent and appellant with regard to the payment of rent, for the reason, as claimed by appellee's counsel, that this evidence was in no way connected with appellee.

SAMUEL J. LUMBARD and HAMLIN & BOYDEN, attorneys for appellant.

When a party is allowed to hold over after the expiration of a tenancy, by agreement, the terms on which he continues to occupy the premises are matter of evidence rather than of law, and the terms upon which the tenancy exists is considered as one for the jury. Mayor of Thetford v. Tyler, 8 O. B. 95; 1 Wood on Landlord & Tenant (2d Ed.), 32, and cases there cited.

Admitting that the landlord had a right to hold the tenant, either as a tenant for another year, or as willfully withholding possession of the premises, he can not elect to hold him as a tenant and then bring an action against him under the liquidated damage clause in the lease for holding

over. He can not affirm the tenancy and afterward treat the tenant as a tenant for sufferance merely. 1 Wood on Landlord & Tenant (2d Ed.), 38 and 39; Featherston-haugh v. Bradshaw, 1 W-end. 134.

Very slight acts on the part of the landlord for a short length of time are sufficient to conclude his election and make the occupant his tenant. Taylor's Landlord and Tenant (7th Ed.), Par. 22.

It is a question for the jury to determine under the instructions of the court, whether or not the holding over is such as to create a new tenancy. Clinton Wire Cloth Co. v. Gardner, 99 Ill., particularly p. 165.

This action for liquidated damages is on the theory of a willful holding over, which is tantamount to an action for possession, and in an action brought for the possession of premises the tenant might show that he was in possession by virtue of some new contract or arrangement with the landlord. For that reason, therefore, the evidence relating to the amount of rent demanded by the collector, and the letter of Edwin Burritt Smith, and the other evidence, all tending to show under what terms the landlord claimed, were improperly excluded. Hamlin v. Engle, 43 N. E. Rep. 463.

It is at least questionable whether or not under the undisputed circumstances in this case, the landlord did not agree to allow the tenant to remain in these premises for a short time after · the. expiration of the lease, until they were re-rented, and pay rent at the old rate. Such a state of facts has been held sufficient to rebut the presumption of the holding over for the period of another year, under the terms of the old lease. Montgomery v. Willis, 63 N. W. Rep. 794.

A motion to direct a peremptory verdict should not be granted unless all the evidence, with all the inferences that can be justifiably drawn from it, is insufficient to support a verdict in favor of the party against whom the motion is made. B. & O. R. R. Co. v. Stanley, 158 Ill. 396; Foster v. Wadsworth Co., 168 Ill. 514.

The question when a motion to direct a verdict is made is, is there any material and substantial evidence, which if credited by the jury, could in law justify a verdict in favor of the other party? Mt. Adams, etc., R. R. Co. v. Lowery, 43 U. S. App. 408, 74 Fed. Rep. 463.

W. A. Sheridan, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

We are of opinion that the exclusion by the court from the jury of the letter of Mr. Smith was error. The evidence (including this letter) tends to show that Mr. Smith was employed to settle appellee's claim against appellant for rent of the premises in question. There is no claim for rent by appellee for any time prior to the 1st of May, 1891, and the rent claimed by Mr. Smith's letter is from that date to April 30, 1892. If there was rent due from appellant to appellee for this latter period, it must have been because the relation of landlord and tenant existed between them for that period. If such relation existed, then there could be no recovery for damages under the declaration in this case, by reason of the clause in the lease expiring April 30, 1891. The evidence is that appellee demanded rent at $100 per month, and none that he claimed $10 per day for holding over. Smith was employed to settle the claim, which the letter says was for a year's rent. We think this evidence was competent for the jury to consider as bearing upon the question of whether appellee, after May 1, 1891, elected to hold appellant as his tenant.

We also think that the evidence of the interview between appellant and appellee's agent, which took place after May 1, 1891, tends to show that appellee had elected to hold appellant as his tenant, and should have been submitted to the jury.

In Taylor on Landlord and Tenant (8th Ed.), Sec. 22, the author says:

"Very slight acts on the part of the landlord, or a short

lapse of time, are sufficient to conclude his election and make the occupant his tenant."

This language is quoted with approval by the Supreme Court in Clinton Wire Cloth Co. v. Gardner, 99 Ill. 159, in which case the trial court submitted to the jury the question as to what was the intention of the parties regarding a new tenancy, as evidenced by their acts with reference to the holding over.

In Griffin v. Knisely, 75 Ill. 411, it was held that where a tenant held over, after notice from the owner that if he did so he would be required to pay an increased rental, although he objected to the terms imposed by the owner, by holding over, he became a tenant for the period of such holding. So in the case at bar, if appellee had the power to make appellant his tenant by recognizing him as such and demanding rent from him, though at an increased rate, appellee should not be allowed, after such recognition, to hold appellant for damages under the covenant in his former lease. Appellee affirmed appellant's tenancy by demanding rent. This was his right, at least, under the terms of the former lease. In any event we think this tends to show a waiver of his right to hold appellant as a trespasser and liable for $10 per day for the time which the latter held over. Appellant was willing to be a tenant, and by the holding over was bound, at appellee's election, at least to the extent of the former lease, whether he consented or not. Clinton, etc., Co. case, *supra.*

Appellant, by remaining after the demand of the increased rental by appellee, could not be heard to say he was not a tenant at the increased rate demanded. Griffin case, *supra.*

We are of opinion that the questions as to whether appellee waived his right under the former lease to claim damages at $10 per day, and whether there was a new tenancy created under the terms of the former lease, changed only as to the rental, viz., $100 per month, should have been submitted to the jury, under proper instructions.

For the errors in excluding the evidence above noted and directing a verdict for appellee, the judgment is reversed and the cause remanded.