## George Rader v. William Huffman.

1. STATUTE OF FRAUDS—*when lease within.* A verbal lease which is to run for a longer period than a year is within the Statute of Frauds.

2. ELECTION—*conduct may constitute.* A tenant who remains in possession after he has been told by his landlord that he must rent the premises covered by his old lease if he would. rent at all, elects to remain under such old lease.

Distress for rent. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

SALMANS & DRAPER, for appellant.

W. M. ACTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court

This is a proceeding by distress for rent by appellee against appellant to recover $188.60 rent for 40 acres of land. The trial court directed a verdict for appellant.

Appellant was a tenant of appellee under a written lease of 200 acres of land, for the term of one year beginning March 1, 1903, and ending March 1, 1904.

On April 6, 1904, appellant and appellee met for the purpose of executing a written lease for the year beginning

March 1, 1904, and ending March 1, 1905. Appellant then said he did not want to rent 40 acres of the 200 he had farmed the previous year, but would take 160 acres. Appellee replied that he would not rent 160 acres unless appellant took the 40 acres also, and that he (appellee) would not consider it rented unless appellant took the 40 acres just as he had the year before. Appellant said he would move off and give up the farm before he would take the 40 acres, and appellee replied, if he (appellant) wanted to move he could do so, and that he (appellee) would take possession of the whole farm, but would not take possession of the 40 acres alone. Appellant thereafter remained on the place but did not farm the 40-acre tract.

Appellee claimed that in September, 1903, he told appellant he would rent the 160 acres for the year beginning March 1, 1904, but would not take the 40 acres, and that appellee replied, "All right."

Appellant sought to introduce proof of the conversation with appellee in September, 1903, but the court sustained an objection thereto, and this ruling of the court is the only matter seriously urged by appellant for a reversal of the judgment.

As appellant's tenancy under the written lease terminated March 1, 1904, if he held over for another year after that date, he must have done so either under the written lease, or under some other valid contract of leasing constituting a new tenancy. The alleged verbal contract of September, 1903, for the leasing of the 160 acres for a term commencing March 1, 1904, and ending March 1, 1905, was clearly within the Statute of Frauds, and the court did not err in sustaining appellee's objection to the evidence offered. Wheeler v. Frankenthal, 78 Ill., 124; Cooney v. Murray, 45 Ill. App., 463.

Appellant was explicitly told by appellee on April 6, 1904, that he must rent the whole 200 acres, or none, and appellant, having elected to remain on the premises after that date, must be held to have done so under his written lease of the entire premises. Griffin v. Knisely, 75 Ill., 411.

The judgment is right and will be affirmed.

*Affirmed.*