## H. M. Kelly, Appellant, v. George Armstrong, Appellee.

### Gen. No. 4,922.

LANDLORD AND TENANT—*effect of hold-over.* If a tenant for a term of one year holds over after the expiration of his term he becomes either a trespasser or a tenant, at the option of the landlord. A tenant has no election and his mere continuance in possession after the term makes him a tenant for another year, if the landlord chooses, and this is true even if the tenant intends not to stay.

Action commenced before justice of the peace. Appeal from the Circuit Court of La Salle County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1907. Reversed and judgment here. Opinion filed March 11, 1908.

GEORGE H. HAIGHT, for appellant.

THOMAS N. HASKINS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant sued appellee to recover for loss of rent after appellee, his tenant, removed from the premises and before

another tenant was obtained, and for a diminution in rent thereafter. On a trial in the Circuit Court on an appeal from the justice, a jury was waived. There was a finding and a judgment for defendant, from which plaintiff prosecutes this appeal.

Appellant leased the premises to appellee by a written instrument signed by both parties. The term was from June 1, 1904, to May 31, 1905, and the rental was $25 per month, payable on the first day of each month in .advance. The rights of the parties depend upon the correspondence between them in 1905. On May 8th appellant wrote asking appellee whether he wished to rent the premises another year, saying that he understood he intended to move, but if appellee wanted it he should have the first call. Appellant received no reply to that letter. On May 15th he wrote again, repeating the inquiry and telling appellee that if he did not hear from him within the next two days he would assume that appellee did not want to rent it, and would relet it. On May 16th appellee wrote appellant that he had thought but little of moving but did not care to lease the premises for a year, as he did not know what a year might bring forth. On May 23d appellant wrote appellee acknowledging receipt of the letter of the 16th and informing appellee that if he desired to occupy the premises after his lease terminated it must be for a term of one year. In that letter appellant said that if appellee remained in possession of the premises after the termination of the lease "I shall assume that you are holding the premises as tenant for a further year from May 31, 1905, to May 31, 1906, under the terms of the lease that you are now occupying the premises under." Appellant therein also said that he was satisfied with appellee as a tenant and would be pleased to have him occupy the premises another year, but that he could not permit the time for renting to go by and then let appellee vacate whenever he pleased, and that he wrote appellee this letter that he might be fully advised. On May 29th, which was two days before the end of the term, appellee wrote appellant that he was going to move out of the

Kelly v. Armstrong.

house within thirty days, as soon as he found a house that suited him, and that if appellant had a party that wished the house he could rent it. About that time appellant went to California and was absent two or three weeks. On his return he found a letter from appellee awaiting him, dated June 21, inclosing the rent for June and saying that the house would be vacated by July first. To this appellant replied under date of June 22nd, acknowledging receipt of appellee's letter of June 21st and telling appellee at considerable length that he should hold him as a tenant of the premises for one year from June 1, 1905, and that he would do his best to rent the premises to some one else and cut down the loss, but should look to him to make it good. On June 29th appellee wrote to appellant inclosing the key. On June 30th appellant wrote, acknowledging receipt of the key and saying he accepted it under the condition that he should re-rent the premises as soon and for as much as he could, and hold appellee liable for the loss. In August appellant wrote appellee, calling for the rent for the month of July and saying that he would secure a tenant as soon as he could. Afterwards appellant rented the premises to another party for $22.50 per month, beginning October 21, 1905. On December 29, 1905, he began this suit.

It is well settled in this State that a tenant for the term of one year, who holds over after the expiration of his term, becomes either a trespasser or a tenant, at the option of the landlord; that the tenant has no election, but his mere continuance in possession after the term makes him a tenant for another year if the landlord chooses, and that this is true even if the tenant intends not to stay. Clinton Wire Cloth Co. v. Gardner, 99 Ill., 151; Keegan v. Kinnare, 123 Ill., 280; Weber v. Powers, 213 Ill., 370; Directors Chicago Theological Seminary v. Chicago Veneer Co., 94 Ill. App., 492. The statement by appellant in the letter of May 15th that, if he did not hear from appellee within the next two days, he would assume that appellee did not want to rent it and would re-let it, does not prevent the application of this rule to this case. Appellant meant thereby that he

would assume that appellee would move out at the end of the term. No suggestion had been made at that time that appellee would hold over for a time, and vacate when it suited his pleasure. As soon as appellee conveyed that information to appellant the latter notified appellee in positive terms that if he stayed beyond his term he would be held as tenant for another year.

Appellee is liable to appellant for the rent at $25 per month from July 1st to October 21st, three months and two-thirds, which amounts to $91.66. He is also liable to a loss of $2.50 per month from October 21 to December 29, 1905, when this suit was begun, or for two months, which amounts to $5. Appellant cannot recover in this suit for the loss after the suit was begun. Appellee proved an offset of $15. This leaves a balance due appellant of $81.66, for which judgment will be entered in this court.

Judgment reversed, and judgment for appellant against appellee for $81.66 and costs.

*Reversed and judgment here.*