## Andrew R. Sherriff, Appellee, v. Rubin Kromer, Appellant.

### Gen. No. 28,948.

1. LANDLORD AND TENANT—*hold over as tenancy according to original demise.* The general rule is that where a tenant is permitted to remain in possession after expiration of the original tenancy, the law presumes the hold over to be upon the terms of the original demise.

2. LANDLORD AND TENANT—*holding over after notice of change to be made in lease as tenancy under it as amended.* Where notice is given by the landlord to the tenant before the term expires that the terms of the original lease will be changed and if the tenant remains it must be upon different terms, specifying them, if the tenant remains he will be treated as subject to the original lease as amended by such notice, whether he signifies his assent thereto or not.

3. APPEAL AND ERROR—*immateriality of question eliminated by findings.* In a suit for rent against a tenant who held over after expiration of his term and after negotiations for a new lease which was not agreed upon, the suggestion that, as the terms proposed by the landlord was for 8 years any parol agreement made at that time was void under the statute of frauds, is immaterial where the jury found that the parties did not then agree and plaintiff's claim is not based on any contract made at that time but on the implied contract based upon the occupancy of the premises after expiration of the term.

4. LANDLORD AND TENANT—*tenancy under annual rent payable monthly.* Where the reservation of rent is annual there is a tenancy from year to year and the fact that the annual rental is payable in monthly instalments does not change the rule.

5. APPEAL AND ERROR—*power of Appellate Court to correct award of damages on record.* When the jury has, by its general and special verdicts settled all questions of fact and upon the

trial plaintiff moved for assessment of damages, which motion was denied, the amount of damages may be revised or corrected in the court of review under section 110 of the Practice Act, chapter 110 (Cahill's Ill. St. ch. 110, ¶ 110).

6. LANDLORD AND TENANT—*holding over after offer of renewal at stated sum.* Where, before the expiration of a lease, the landlord offered to renew the lease on terms of $9000 a year for the first two years and an increased sum for following years which terms were not agreed upon, the tenant, by holding over after the term, was obligated for rental at the rate of $9000 for the year.

7. APPEAL AND ERROR—*arguments to be restricted to briefs.* Under rule number 19 argument on appeal must be confined to the points made in the brief.

8. INTEREST—*on rent payable on holding over after term.* The fact that the original lease called for monthly instalments of rent cannot be considered as authorizing interest computed upon monthly instalments in a suit for rent on a new contract implied by law after holding over, such new contract not being an "instrument of writing" within the meaning of section 2 of the statute on interest (Cahill's Ill. St. ch. 74, ¶ 2).

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Reversed and judgment here. Opinion filed April 14, 1924. Rehearing denied April 28, 1924. *Certiorari* denied by Supreme Court (making opinion final).

MORRIS KOMPEL, for appellant.

WALLACE STREETER, ANDREW R. SHERRIFF and ARCHIE H. COHEN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, the landlord, brought suit against defendant, his tenant, for rent accruing after defendant had abandoned the leased premises. Upon trial, plaintiff had a verdict for $1,253.16, and from the judgment thereon defendant appeals. Plaintiff also, on cross-errors, asks that this judgment be vacated and that this court enter a judgment for a larger amount to which he claims he is entitled.

The premises were a certain store and basement on West Madison street in Chicago. The latter part of 1920 defendant entered into possession under a former tenant, but December 13th he got a lease of his own for a term of four months beginning January 1, 1921, and ending April 30, 1921, at a rental of $3,000 for the term. Near the end of this term, negotiations were had between the parties for a new lease. Defendant remained in possession during May and June, paying plaintiff $750 for each of these months. May 31st he served plaintiff with a written notice that he would surrender possession and vacate the premises on June 30, 1921, which he did.

Defendant claims that he had an agreement with plaintiff to remain in possession as a month to month tenant, and that on this basis all the rent has been paid. Plaintiff claims that defendant held over after notice that his new tenure would be upon different terms from the existing lease, and therefore under the law he was bound by the new terms so specified for a period of one year.

The jury found under instructions of the court that defendant was a hold over for a term measured by his prior lease of four months, and assessed damages accordingly.

To support defendant's contention his brother, Joe Kromer, testified that a day or two before May 12th, defendant being sick with pneumonia, he had an interview with plaintiff, who stated that defendant could remain in the premises from ''month to month.'' This is categorically denied by plaintiff. The jury accepted plaintiff's version by the general verdict and by its answer to a special interrogatory. We hold that the evidence justified this conclusion.

In March, 1921, defendant knew that plaintiff was asking an increased rental above $9,000 a year for the new term, but defendant wanted a lease for 8 years at $9,000 a year. At the final interview, April 25th, plaintiff stated that his terms for a new lease for 8

years would be $9,000 a year for the first 2 years, $10,-000 a year for the second 2 years, $11,000 a year for the third 2 years, and $12,000 a year for the fourth 2 years; or if defendant did not wish to obligate himself for the entire term, plaintiff would give him a lease for one year at $9,000 with an option to renew for a second year at $9,000, and at the end of the second year an option to renew for six years more on the $10,000, $11,000, and $12,000 basis. Plaintiff testified that defendant agreed to accept these terms, but this is denied by defendant, and the jury by special interrogatories found that the parties did not agree.

The jury having found that there was no agreement for a month to month tenancy after May 1, 1921, nor any agreement for a lease beginning May 1, followed the instructions of the court that under these circumstances defendant would become a tenant for a like term as that provided for in the original lease, to wit, for the period of four months at like rental. The verdict gave plaintiff the rental for July and August, the last 2 months of the four months period, at $750 a month, less $246.84 received from another party as rental in August, which left $1,253.16.

What is the period of tenancy implied by law under the circumstances presented? The general rule, which was followed by the trial court, is that where a tenant is permitted to remain in possession after the expiration of the original tenancy, the law presumes the hold over to be upon the terms of the original demise. Taylor on Landlord and Tenant, 9th ed., vol. 2, page 135. Here, however, the landlord definitely stated the terms upon which he would permit the tenant to remain, which terms differ from those of the original lease. In *Higgins v. Halligan*, 46 Ill. 173, the landlord notified his tenant that if he continued to occupy the premises after the expiration of the existing lease, he would be required to pay an increased specified rental. The tenant continued in possession after the

expiration of the original lease, and it was held that he was bound to pay the increased rental, the court saying:

"If a landlord duly notifies his tenant, who is holding by the year, and before the year is out, that if he occupies the premises another year, he must pay a certain increased rent, and the tenant does not surrender the possession, but continues to occupy them, can any one doubt his acquiescence in the new terms, and his liability on account thereof? This is the doctrine of the cases cited: *Prickett v. Ritter,* 16 Ill. 97, and *McKinney v. Peck,* 28 ib. 178."

This rule is followed in *Griffin v. Knisely,* 75 Ill. 411; *Clinton Wire Cloth Co. v. Gardner,* 99 Ill. 151; *Kelly v. Armstrong,* 139 Ill. App. 467; *Doubet v. Doubet* 186 Ill. App. 316; *Seaver Amusement Co. v. Saxe,* 210 Ill. App. 289. In Wood on Landlord and Tenant (2nd ed., sec. 13), the rule is stated that where by notice, given by the landlord to the tenant before the term expires, that the terms of the original lease will be changed and if the tenant remains it must be upon different terms, specifically stating them, if the tenant remains "whether he signifies his assent thereto or not, he will be treated as subject to the original lease as amended by such notice.   *   *   *   The lease is not the contract under which he holds over, but only evidence to uphold the implied contract resulting from such holding over, except so far as it has been changed by notice or agreement." To the same effect are Taylor on Landlord and Tenant, 9th ed., secs. 22 and 650, also 24 Cyc. 1031.

This rule is based on reason. The landlord has the right to state the terms of a prospective new leasing, and to allow the tenant to substitute different terms, by merely remaining in possession, is to deprive the landlord of control of his own property.

It is suggested that as the conversation between the parties which took place April 25, 1921, related to a proposed term of 8 years beginning May 1st, any parol agreement made at that time is void under the

statute of frauds. We do not deem this material for two reasons: (1) The jury found that the parties did not then agree and this is not questioned by any assignments of error. (2) Plaintiff's claim is not now based upon any contract made on April 25th. His claim rests on the implied contract based upon the occupancy of the premises after May 1, 1921.

The conditions made by plaintiff for a new lease contemplated an annual rental, and where the reservation of rent is annual there is a tenancy from year to year. Taylor on Landlord and Tenant, vol. 1, sec. 55; *Herrell v. Sizeland*, 81 Ill. 457; *Seaver Amusement Co. v. Saxe*, 210 Ill. App. 289. The fact that the annual rental is payable in monthly instalments does not change the rule. 24 Cyc. 1029.

After defendant vacated the premises, they were vacant during July. In August they were rented, plaintiff receiving $246.44. He also received $900 during September, October and November. Beginning December 1st, a new lease was made at $750 a month. It thus appears, without dispute, that the loss to plaintiff in rentals on the basis of $9,000 a year for the year beginning May 1, 1921, was $2,153.16, and we are asked to enter judgment for this amount in this court.

The jury by its general and special verdicts has settled all questions of fact, and these we affirm. Under section 110 of the Practice Act, chapter 110 [Cahill's Ill. St. ch. 110, ¶ 110], we may enter final judgment here. *Povlich v. Glodich*, 311 Ill. 149. Upon the trial, plaintiff moved the court to assess the damages, which motion was denied. In this condition of the record the amount of damages may be revised or corrected in the court of review. *Commercial Insurance Co. v. Scammon*, 123 Ill. 601; *Manistee Lumber Co. v. Union National Bank*, 143 Ill. 490; *Osgood v. Skinner*, 186 Ill. 491. We hold that defendant was obligated for rental at the rate of $9,000 for the year beginning May 1, 1921, and crediting him with what

the landlord has received from him and others during this period, leaves a balance due of $2,153.16, for which plaintiff is entitled to judgment.

In argument plaintiff asks for interest computed upon monthly instalments of rent. This is not in the points and authorities of his brief, and under our rule number 19 argument must be confined to the points made in the brief.

The original lease is not abstracted, but, assuming that it calls for monthly instalments of rent, it is very doubtful if this can be considered as authorizing interest under the new contract implied by law, which is not an "instrument of writing" within the meaning of section 2 of the statute on Interest [Cahill's Ill. St. ch. 74, ¶ 2]. We do not feel justified in allowing interest.

For the reasons above indicated the judgment of the trial court is reversed and judgment is entered in this court against defendant for $2,153.16, costs of this appeal to be taxed against defendant.

*Reversed and judgment here for $2,153.16.*

MATCHETT, P. J., and JOHNSTON, J., concur.