James H. Wilson, Appellant, v. J. N. Rodman and G. M. Kincaid, Trustees, Appellees.

Gen. No. 8,030.

1. LANDLORD AND TENANT—*when notice of new terms effective after termination of lease binding upon tenant.* Upon termination of a lease, notice given by a landlord to his tenant of new terms for the ensuing year's rental makes such terms binding upon the tenant even without his consent if he stays upon the place for the following term.

2. LANDLORD AND TENANT—*basis of claim to rent where tenant remains after term following oral notice of new terms.* The claim of a landlord for the rent of his property on oral notice to the tenant of terms differing from the preceding year's does not rest on the tenant's holding over under the lease but upon an implied contract based upon occupancy.

Appeal by plaintiff from the Circuit Court of McLean county; the Hon. Edward Barry, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 28, 1927.

Sigmund Livingston and Pratt, Heffernan & Ramseyer, for appellant.

Herrick & Herrick and Morrissey & Morrissey, for appellees.

Mr. Justice Shurtleff delivered the opinion of the court.

This suit was commenced in distress for rent by appellees, executors and trustees under the last will of Sabina Moore, deceased, for the collection of the rent of a farm of 320 acres in McLean county, for the year beginning March 1, 1925, from appellant who was the tenant in possession of said premises at the decease of testatrix. On the return of the distress warrant, appellant filed the general issue and the cause was tried by a jury. At the close of all the evidence the court directed a verdict in favor of appellees, overruled a motion for new trial and rendered judgment for appellees, from which this appeal was perfected.

Sabina Moore, owner of said premises, died June 16, 1919, leaving a last will and testament dated August 25, 1910, together with various codicils. By her last will testatrix directed appellees, as trustees, to rent all of her farm lands, including the premises in question, for the period of 10 years from date of her death until March 1st next following. She further directed a sale and conveyance of all said land at the end of such renting period, and not before. Upon such sale she directed the distribution of the proceeds thereof to her surviving brothers and sisters and the children and descendants of deceased brothers or sisters, in equal parts or share, *per stirpes.* She further provided that

all payments of rent should be divided in like manner and paid to the beneficiaries in person.

Appellant is one of the four sons of a brother of testatrix, and is thus entitled to one-fourth of the full share of a brother or sister in the net rents and also in the proceeds of the sale of the real estate of testatrix. There were several brothers and sisters and there are a large number of beneficiaries of the trust.

Appellant rented the premises in question under lease dated October 30, 1907, for a term of five years · from March 1, 1908. This lease, on December 28, 1911, was extended for seven years from March 1, 1913, to 1920. On September 27, 1918, after making the will above mentioned, testatrix again extended said lease five years from March 1, 1920, to March 1, 1925. This lease was on a cash rent basis for $2,000 per year.

Testatrix was a resident of DeWitt county and her will was admitted to probate in that county. After her death appellees filed a bill in chancery in the circuit court of DeWitt county, at the September term, 1920, making all the beneficiaries under said will parties defendant thereto, praying for appointment as trustees under said will and for the advice and direction of the court. Appellant was made one of the defendants to said bill and entered his appearance in that cause. A decree was rendered October 25, 1920, finding the rights of all the parties, appointing appellees trustees and fixing their bond, directing the trustees to take the possession, management and control of testatrix's land, including the premises in question, rent the same during the prescribed period, make sale of the same when the proper time arrived and to make reports of their acts and doings under the decree to said court, with liberty to the parties to apply at any time to the court for direction and guidance.

In her last will testatrix recited that all her farm lands were now rented to her brother, James G. Wil-

son, and three of his sons, in several tracts; that the present tenants in each case should have the refusal or first privilege of renting such lands during such 10-year period, at reasonable rental, without specifying the rent.

Appellant continued to occupy the premises in question in this cause after the death of said Sabina Moore until March 1, 1925, under the terms of said cash rent lease. Early in November, 1924, appellees submitted a lease to appellant for him to execute, demising said premises for the term of one year from March 1, 1925, to March 1, 1926. The lease provided for the usual customary rent in the neighborhood of one-half the grain delivered and $8 per acre for all land not farmed in grain. The testimony is uncontradicted that appellees presented the lease to appellant with the terms as stated and notified appellant that he would be required to pay the rental set out in the new lease, if he remained upon the farm. Appellant did not sign the lease presented and at various times prior to March 1, 1925, stated to appellees that the rent demanded was too high and that he would not sign the lease. Nevertheless, appellant continued to occupy the premises and farmed the land during the season of 1925. The verdict is based upon the testimony of appellees and the statements of appellant as to the amount of the crop raised, its value and the use of the land. This testimony was not contradicted upon the trial and it was shown to be a reasonable rental for the land. The new lease presented by appellees to appellant was in all substantial matters the same as the former leases, except as to the amount of rent to be paid, which is conceded to be a higher rate of rental for the year 1925.

Appellant contends that, having refused to accept the terms of the new lease, and appellees having elected to treat him as a tenant, he held over under the terms of the old lease. On the other hand, appellees contend, and seem to be supported by a long line of

authority, that the rule is that where notice is given by
the landlord to the tenant, before the term expires,
that the terms of the original lease will be changed,
and if the tenant remains it must be upon different
terms, specifically stating them, if the tenant remains
whether he signifies his assent thereto or not, he will
be treated as subject to the original lease as amended
by such notice, citing *Sherriff v. Kromer,* 232 Ill. App.
589; *Griffin v. Knisely,* 75 Ill. 411; *Clinton Wire Cloth
Co. v. Gardner,* 99 Ill. 151; *Kelly v. Armstrong,* 139
Ill. App. 467; *Higgins v. Halligan,* 46 Ill. 173; *Rand v.
Purcell,* 58 Ill. App. 228; *Kelso v. Crilly,* 85 Ill. App.
568; *Rader v. Huffman,* 125 Ill. App. 554.

In *Sherriff v. Kromer, supra,* on page 592, the court
say:

"In *Higgins v. Halligan,* 46 Ill. 173, the landlord
notified his tenant that if he continued to occupy the
premises after the expiration of the existing lease, he
would be required to pay an increased specified rental.
The tenant continued in possession after the expira-
tion of the original lease, and it was held that he was
bound to pay the increased rental, the court saying:

" 'If a landlord duly notifies his tenant, who is hold-
ing by the year, and before the year is out, that if he
occupies the premises another year, he must pay a
certain increased rent, and the tenant does not sur-
render the possession, but continues to occupy them,
can any one doubt his acquiescence in the new terms,
and his liability on account thereof? This is the doc-
trine of the cases cited: *Prickett v. Ritter,* 16 Ill. 97,
and *McKinney v. Peck,* 28 id. 178.'

"This rule is followed in *Griffin v. Knisely,* 75 Ill.
411; *Clinton Wire Cloth Co. v. Gardner,* 99 Ill. 151;
*Kelly v. Armstrong,* 139 Ill. App. 467; *Doubet v.
Doubet,* 186 Ill. App. 316; *Seaver Amusement Co.
v. Saxe,* 210 Ill. App. 289. In Wood on Landlord and
Tenant (2nd ed., sec. 13), the rule is stated that where
by notice, given by the landlord to the tenant before

the term expires, that the terms of the original lease will be changed and if the tenant remains it must be upon different terms, specifically stating them, if the tenant remains 'whether he signifies his assent thereto or not, he will be treated as subject to the original lease as amended by such notice.  *  *  *  The lease is not the contract under which he holds over, but only evidence to uphold the implied contract resulting from such holding over, except so far as it has been changed by notice or agreement.'  To the same effect are Taylor on Landlord and Tenant, 9th ed., secs. 22 and 650, also 24 Cyc. 1031.

"This rule is based on reason.  The landlord has the right to state the terms of a prospective new leasing, and to allow the tenant to substitute different terms, by merely remaining in possession, is to deprive the landlord of control of his own property."

It was further held in the same case that the statute of frauds did not apply to the parol agreement to be executed after the period of one year had expired, as plaintiff's claim rested upon an implied contract, based upon occupancy.  In *Clinton Wire Cloth Co. v. Gardner, supra,* the court on page 163 held:

"We perceive nothing in our own decisions cited by counsel for plaintiff in error inconsistent with the view we here adopt.  One of the cases cited, *Griffin v. Knisely,* 75 Ill. 411, is certainly adverse to the position of plaintiff in error, that the legal implication resulting from the holding over of premises may be repelled by the intent on the part of the tenant.  There was a written lease in that case, from May 1, 1871, to May 1, 1872, at a fixed rent.  Before the expiration of the term the parties verbally agreed to execute a written lease for another year, at a price fixed, but the lessee refused to sign the lease when presented to him, and the landlord withdrew the proposition.  The landlord then notified the tenant that if he held over he must pay an advanced rate named.  The tenant

then signed the written lease, and the question was, whether the holding over was under the old lease or the advanced price. It was held that it was at the advanced price, and the tenant was charged therefor as upon an agreement to pay it, although he did not assent to the payment of the advanced price, and it was most clearly his intention not to pay it.''

It is contended by appellant that some portions of the court's opinion in *Griffin v. Knisely, supra,* were *obiter dicta,* and that view apparently was followed in *Galloway v. Kerby,* 9 Ill. App. 501, and *Lasher v. Heist,* 126 Ill. App. 82. The identical question was before this court in *Rader v. Huffman, supra,* and the same rule followed as laid down in *Sherriff v. Kromer, supra,* which we consider the better rule.

The judgment of the circuit court of McLean county is therefore affirmed.

*Affirmed.*