**GREGERS MALLING–HOLM, Plaintiff**

**v.**

**EDITH FEINER, VICTOR CIFRE and HECTOR ORTIZ,**
**Defendants**

Civil Nos. 94-1962, 95-1962 and 96-1962

Municipal Court of St. Thomas and St. John

May 22, 1962

JAMES A. BOUGH, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

BIRCH and MADURO, Charlotte Amalie, St. Thomas, Virgin Islands (EVERETT B. BIRCH, ESQ., OF COUNSEL), *for defendants*

MICHAEL, *Municipal Judge*

These are actions by plaintiff against three defendants for rent, and for eviction for non-payment of rent. The defendants are sued separately, but by stipulation of the parties the cases were consolidated for hearing.

No answer to the complaints was filed by the defendants, but in an opening statement it was the contention of counsel for the defendants that the plaintiff had no legal right, unilaterally, to fix a new rental where there had been a long period of occupancy by the defendants at an old rental. He also expressed the view that the non-payment of the new rental could not be used as ground for eviction, as prayed for by the complaint.

Counsel for the defendants also stated he was not raising the question as to whether the Rent Control Law [28 V.I.C. §§ 831–846] of the Virgin Islands is applicable in these cases. The reason for this is, the District Court of the Virgin Islands, which has appellate jurisdiction of cases from this court, has already ruled in the case of Kress, Dunlap & Lane, Ltd. v. Downing, 4 V.I. 261, 193 F. Supp. 874, that the Rent Control Law of the Virgin Islands no longer can have application to housing accommodations which rent for more than $175.00 per month or to business accommodations. The premises in question in these cases are business accommodations.

It was conceded at the hearing that counsel for defendants did attempt to negotiate with plaintiff and his counsel concerning the increased rental, but that they had refused to do so, maintaining that the new rental which was fixed by plaintiff was due and payable.

The court finds that the defendants in these cases have been occupying the premises of the plaintiff for a number of years as tenants at a monthly rental, as follows:

Defendant Feiner, at $66.00; Defendant Ortiz, at $30.00; and Defendant Cifre, at $35.00.

According to the evidence two of the defendants, Ortiz and Cifre, had no lease. In the case of Feiner, a lease covering the space occupied by her was introduced into evidence, which lease was entered into the 1st day of September, 1955, by and between ROSA MALLING-HOLM, deceased mother of the plaintiff Gregers Malling-Holm, and one JOHN W. ALEXANDER, for a term of one year, (with option to renew), from September 1, 1955, to August 31, 1956, at a monthly rental of $50.00, and an additional $10.00 monthly for the use of certain cabinet and counters and usage of private toilet, a total of $60.00.

There was no evidence showing when defendant Feiner started to occupy the space covered by the lease, neither was there any evidence as to when the rental was increased

from $60.00 to $66.00, but it appears that both the occupancy by Feiner and the increase in rent occurred before the plaintiff came into possession of the property as heir of his mother.

The following letters written to the defendants, informing them of the increase in rentals, were admitted in evidence:

"October 5, 1961

"Dear Mr. Cifre,

"Please be advised that beginning January 1, 1962 the rental for the space you occupy at Property No. 32 Dronningens Gade, facing on Raadets Gade, will be the sum of $225.00 per month, payable in advance.

"You have enjoyed a special rate for many years and we hope therefore that you will find no difficulty in accommodating this increase.

"Very truly yours,
"G. Malling-Holm".

"October 5, 1961

"Dear Mr. Ortiz,

"To confirm our recent conversation, please be advised that beginning January 1, 1962 the rental for the space you occupy at my property No. 32 Dronninges Gade, facing Raadets Gade, will be the sum of $200.00 per month, payable in advance.

"You have enjoyed a special rate for many years and it is hoped therefore you will find no difficulty in accommodating this increase.

"Very truly yours,
"G. Malling-Holm".

"October 5, 1961

"Dear Mrs. Feiner,

"Please be advised that beginning January 1, 1962 the rental for the space you occupy at Property No. 32 Dronningens Gade, facing on Raadets Gade, will be the sum of $170.00 per month, payable in advance.

344

"You have enjoyed a special rate for many years and we hope therefore that you will find no difficulty in accommodating this increase.

"Very truly yours,
"G. Malling-Holm".

Also admitted in evidence were the following letters from plaintiff to defendant Feiner, reaffirming his position with reference to the increase:

"February 5, 1962

"Dear Mrs. Feiner,

"Please refer to my letter of October 5, 1961 which fixed your rental at $170.00 per month payable in advance, starting January 1, 1962.

"This will reaffirm my position.

"Enclosed is your check in the amount of $66.00.

"Very truly yours,
"G. Malling-Holm".

On March 28, 1962, the plaintiff wrote a similar letter to the defendant Feiner, returning her check in the amount of $66.00.

Bills to defendants Ortiz and Cifre for rent were also admitted in evidence.

On the stand plaintiff gave as justification for the increased rentals, an increase in adjoining and similarly situated premises, the rental of which premises is calculated at a certain rate per square foot of the space occupied by the tenant, covered and uncovered.

At the conclusion of the trial of the cases counsel for the defendants requested permission to submit a memorandum of law. Counsel for plaintiff requested permission to make his own determination as to whether to submit a reply memorandum after seeing that of counsel for defendants, to which the court consented.

345

Counsel for defendants filed a memorandum of law, but none was filed by counsel for plaintiff.

The court has read the memorandum of defendants, which restates their position taken at the trial, and cites as authority for their position 52 Corpus Juris Secundum, section 471, et seq., covering holding over after expiration of Term.

These cases seem to raise two important questions: (1) whether a landlord can change the terms of an original tenancy as to rent, where the tenant manifests his dissent from the term proposed for the increase, and (2) whether, if the increase be found to be lawful and unpaid, eviction could be maintained under the pleadings and proof.

Before going into these questions, however, it is necessary to determine whether the notices of the increase in rent were valid. This, naturally, would depend upon the tenancy of the parties.

At the trial it was conceded that defendants Cifre and Ortiz were month to month tenants.

In the case of defendant Feiner, it appears that she was holding over under the lease referred to above. Although neither the plaintiff nor the defendant Feiner was a party to the lease, without further evidence it must be presumed that Feiner became the assignee, and as such was holding over, as it is held that if after the expiration of a lease for a year or from year to year the tenant pays rent and the landlord accepts it, the lease is extended, which extension is usually from year to year. 32 Am. Jur. secs. 940, 942, pages 792, 793.

The evidence shows that defendant Feiner has been paying and the plaintiff Greger-Malling-Holm has been accepting the rent for a number of years.

With respect to the plaintiff, he became defendant Feiner's landlord, (as he did of the other defendants). The relationship between plaintiff and defendant Feiner is

succinctly stated in 32 Am. Jur. sec. 940, page 793, as follows:

> "On the death of the landlord, if the reversion is real estate, his heir becomes the tenant's landlord, and if the tenant continues to occupy the leased premises for several years after the expiration of the lease, without objection by such heir, his interest in the premises and liability to account to the heir for the use thereof are those of a tenant from year to year."

Notwithstanding the original rent provided for in the lease was $60.00 monthly, instead of the $66.00 defendant Feiner was paying, it does not appear as if there were other changes in the terms of the lease. The change in rent did not affect the other terms.

■ In view of the above, the court finds defendant Feiner to be a year to year tenant of plaintiff, holding over under an expired lease.

Having found a year to year tenancy by defendant Feiner under the lease, which expires each year on the 31st of August, it appears that the notice to her dated October 5, 1961, informing her of an increase in rent, *"beginning January 1, 1962"*, was premature and therefore ineffectual. (italics supplied).

■ The law is well established that a landlord may not change the terms of a lease during the term without the assent of the tenant, express or implied. Since defendant Feiner did not assent to the increase, as evidenced by her continued offer of the usual rent, it is the opinion of the court that she is not liable for the same, but merely for the rent she had been paying for the rest of the term.

■ The notices to defendants Cifre and Ortiz do not have the defect found in the notice to defendant Feiner. Defendants Cifre and Ortiz are tenants from month to month, and as such the landlord has the right to terminate the tenancy at the end of any month, upon giving one month's notice. 28 V.I.C. sec. 752. With the right to terminate the tenancy at the end of any month, carries the

347

right to fix by notice a new rental for a new period. Iturralde v. Alfonso, 7 Philippine 576. (109 A.L.R. 213).

■ The plaintiff having given the defendants Cifre and Ortiz notice of the increase from October 5, 1961, to become effective January 1, 1962, the court finds the notice sufficient as to time.

■ Coming now to the first question involved, whether or not a landlord's notice of an increase in rent will be binding upon the tenant who holds over beyond the term, and who objects to such increase, the courts are divided. Half of the jurisdictions where the question has arisen have held that the tenant becomes liable for the increase, if he holds beyond the term, even though he refuses to assent to the increase, while in the other jurisdictions the view is taken that he is not bound, if he objects in time to the increase. 32 Am. Jur. sec. 950, pages 800, 801.

A review of the cases cited in the jurisdictions where the question has arisen and which are available in our library, convinces this court that the better view is that of the jurisdictions which hold that the tenant is liable for the increase, although he objects, if he holds beyond the term after notice of the increase.

As was stated in the case of Sheriff v. Kromer, 232 Ill. App. 589, cited in the annotations in 109 A.L.R. 202, ". . . such rule was 'based on reason', in that 'the landlord has the right to state the terms of a prospective new leasing, and to allow the tenant to substitute different terms, by merely remaining in possession, is to deprive the landlord of control of his property.' " See also Moore v. Harter 65 N.E. 883; Ereslaw v. Rightmire, 196 N.Y.S. 539; 109 A.L.R. 213.

Undoubtedly, it is the effect of such legal consequences, which will result in the spiraling of rent in an area such as ours, where accommodations, both housing and business, are so limited, that the Legislature has been loath to repeal

or amend the Virgin Islands Rent Control Law of 1947 [28 V.I.C. §§ 831–846], begging as it does for such attention.

While the rentals of the parties in these actions have been considerably increased, according to the testimony of the plaintiff, which was not denied by defendants, they are not out of line with rentals of comparable accommodations.

From the above, it is the opinion of the court that the increases in rent of defendants Cifre and Ortiz were lawful, and although they objected thereto, they are liable for the same in the amounts sued for, as they remained in possession after the new rental became effective.

As to the second question before the court, whether eviction could be maintained if the court found the increase to be lawful and unpaid, the answer is, it cannot.

Before an action for possession may be maintained, a notice to quit is necessary. 32 Am. Jur. sec. 993, page 836. Under our statute a notice to quit or a demand for possession is required. 28 V.I.C. secs. 752, 789. There has been no allegation or proof that such notice or demand had been served upon the tenants.

As the plaintiff did not serve any notice to quit upon the defendants, nor was any demand for possession before bringing actions made upon them, the prayer of the plaintiff for an order of eviction in the three cases will not be granted.

Judgments will be drawn consistent with this opinion.