**JOSEPH J. QUETEL, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 506-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

October 14, 1971

CROXTON WILLIAMS, Attorney, St. Thomas, V.I., *for the plaintiff*

ANDREW S. MEYER, Assistant Attorney General, St. Thomas, V.I., *for the defendant*

HOFFMAN, *Judge*

### MEMORANDUM OPINION

The facts of this case are largely uncontested and require little clarification. The following statement of the case is based upon the stipulations of the parties and the exhibits admitted into evidence without objection. The plaintiff has brought this action for rent arrears and restitution in connection with a two story building owned by him at 19A-20 Kongens Gade. Under a lease agreement dated January 1, 1961 these premises were leased to the defendant, lessee, with the following conditions:

In the event the lessee is in possession on December 31, 1965, then the term of this lease shall be extended to January 1, 1971; provided, that either party may terminate this lease during said second five year period upon the giving of 90 days written notice thereof; and provided further, that *said notice will not be given arbitrarily* by either party. (Emphasis supplied.)

On July 13, 1970 the plaintiff through his counsel, Croxton Williams, Esq., acting pursuant to the above clause wrote to the defendant as follows: "Please take notice that the lessor elects to and hereby does serve notice that the said lease shall be terminated October 15, 1970." The letter continued: "I might say that the reason for the cancellation is the fact that the rental income is strictly nominal. The government, through any of its agencies, is at liberty to negotiate for a new lease, or leases, on the

said property at a rental of 0.685 dollars per square foot per month, or 0.60 dollars per square foot per month with the government agency assuming responsibility for the maintenance and repairs, as the present lease provides." This matter is quoted directly for while the letter was received in evidence without objection, its significance legally is a central issue in this case.

Subsequent to the receipt of this letter the defendant, here referring to the Department of Property and Procurement, acknowledged its receipt in a letter to the plaintiff's attorney and further noted that the plaintiff's letter was being referred to the occupants of the leased premises. From the date of this letter, July 20, 1970, the plaintiff received no communication from the defendant objecting to the proposed rental. On October 9, 1970 the plaintiff mailed a proposed lease to the defendant pursuant to a phone conversation with Property and Procurement. This lease had a rental based upon the government's assumption of maintenance, that is, 0.60 dollars per square foot per month as quoted in the letter of July 13, 1970. Again, there was no response from the government. The plaintiff then gave notice on March 25, 1971 to vacate the premises within thirty days.

The plaintiff now claims that he is entitled to the rent due from October 15, 1970 to May 15, 1971 at the higher rate as quoted in the new lease. The government's defense is based on the claim that the original notice to quit was invalid, as it was given arbitrarily in violation of the original lease. The government claims that to terminate the lease on the basis of dissatisfaction with the current rental is an arbitrary exercise which renders the notice of termination invalid. The government also argues that the notice of increased rent which was included in the notice to quit was an equivocal proposal tantamount to a mere proposal to begin negotiation on a new rental. From all of its claims

the government concludes that the measure of damages it is obliged to pay is the fair market value of the premises rather than the new rental proposed by the plaintiff.

An issue which arose during the trial of this action was the applicability of the holding in Malling-Holm v. Feiner, Cifre, & Ortiz, 4 V.I. 341. In that case the Municipal Court of the Virgin Islands, Division of St. Thomas and St. John, held that a landlord's notice of an increase in rent was binding upon a tenant who held over beyond the term and objected to the increased rental. The defendant in the instant case would distinguish Malling-Holm from the instant facts on the grounds that the notice of increased rental in Malling-Holm was a flat and unequivocal notice. The defendant points to the language, "The government . . . is at liberty to negotiate for a new lease", in the letter of July 13, 1970 from plaintiff's counsel to the defendant and states on page five of its first brief (filed 9-8-'71) that "Nothing in Malling-Holm suggests that a landlord may initiate negotiations by proposing terms for a new lease, and later, if those terms are not accepted enforce them against his tenant." This Court has no quarrel with the defendant's interpretation of Malling-Holm in this regard. It is the Court's opinion, however, that the landlord in the instant case did a bit more than merely "initiate negotiations by proposing terms for a new lease." The landlord in the instant case gave his tenant an unequivocal notice to quit and it is this notice coupled with a statement of what would be acceptable rentals under a newly drawn lease which brings the instant case within the rationale of Malling-Holm. Simply stated, the letter of July 13, 1970 had two purposes and the defendant now would have the Court emphasize one, the announcement of the new rental rate, to the exclusion of the other, the notice to quit. When this fact is realized the defendant should no longer be concerned that "an overture for negotiations may be used to entice

the tenant to stay over. . . ." One could hardly be so enticed upon receipt of a notice to quit.

The court in Malling-Holm noted that in about half of the cases wherein the question has arisen, the view has been taken that the tenant becomes liable for the increase, if he holds beyond the term, even though he refuses to assent to the increase, while in the other jurisdictions the view is taken that he is not bound, if he objects in time to the increase. Malling-Holm, at 348. In Malling-Holm the court then went on to choose the "better view" of the rule first stated, that is, it held the tenant liable despite his objection. In the instant case in the absence of any objection having been made by the defendant, this Court does not even have to choose between the split of the cases; the contention of the defendant finds no support in either theory.

The defendant in his brief (filed 9-14-'71) argues that the defendant was under no obligation to recognize or obey the notice to quit as the notice was given arbitrarily. The defendant cites paragraph one of the original lease which provides that "said notice will not be given arbitrarily by either party." In its brief the defendant contends: "The parties, having at arms length, agreed to a definite rental for the term of the lease, no ground for termination could be more arbitrary." What the defendant ignores is that the parties very definitely could have intended to allow for termination on the basis of dissatisfaction with the monthly rental. This is perhaps the chief reason why they drew the lease to provide that either party could terminate upon giving 90 days notice. The Court, however, need not strive to ascertain the intent of the parties as their intent is manifest by the plain meaning of the words they used. When viewed in this light the term "arbitrary" means capricious or without reason. Clearly this is an unwarranted description of the plaintiff's conduct.

■ In conclusion the Court finds that the plaintiff's letter of July 13th, 1971 was a valid notice to quit and that it put the defendant on notice that his holding over would subject him to the new stated rental of $1,917.00 per month. The plaintiff therefore is entitled to a judgment awarding him $13,419.00. Interest is disallowed at the 8% rate sought by the plaintiff, but allowed at the legal rate of 6% (see: 11 V.I.C. 951) for each month's rental as it became due and should be included in the Judgment to be prepared in accordance with this Memorandum Opinion. The Court further awards Costs of $7.00 and Attorney Fees of $1,250.00.

Restitution is granted, except that the defendant may continue in occupancy on the condition that it pays the higher stated rental as it becomes due, otherwise restitution is to be within 90 days.

Let the Attorney for each of the parties prepare, exchange and submit to the Clerk of the Court at Part II proposed Findings and Judgment in accordance with this Memorandum Opinion by October 30, 1971.